(No. 42570.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JESSE LEE HOLLINS, Appellant.

*Opinion filed March 21, 1972.*

WARD, J., took no part.

CHARLES O. BRIZIUS, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and PAUL P. BIEBEL JR., Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Jesse Lee Hollins, appeals from the judgment of the circuit court of Cook County dismissing, without an evidentiary hearing, his petition filed under the provisions of the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122–1 *et seq.*

On February 11, 1954, petitioner pleaded guilty to a charge of burglary. He was then 16 years of age and in accordance with the provisions of section 3 of the Sentence and Parole Act (Ill.Rev.Stat. 1953, ch. 38, par. 803), effective on January 1, 1954, he was committed to the Illinois Youth Commission, "the duration of which commitment shall not exceed the maximum term provided by law for the offense." In September, 1957, in accordance with section 3.1 of the Sentence and Parole Act, petitioner was transferred from the Sheridan School for Boys to the Illinois State Penitentiary. In August, 1959, he filed a petition under the Post-Conviction Hearing Act, which was dismissed by the trial court because it had not been filed within the five-year-limitation period provided

in the Act then in effect. (Ill.Rev.Stat. 1959, ch. 38, par. 826.) This court denied his petition for a writ of error. (Memorandum Opinion 2975, June 6, 1962.) The instant post-conviction petition was filed on March 7, 1969. Petitioner's contention that the 20-year-limitation period enacted in 1965 (Ill.Rev.Stat. 1965, ch. 38, par. 122—1) should be given retroactive effect has been considered by this court on several occasions and consistently rejected *(People v. Thomas, 45 Ill.2d 68; People v. Reed, 42 Ill.2d 169; People v. Lansing, 35 Ill.2d 247),* and we adhere to that holding for the reasons stated in those opinions.

Petitioner contends next that he was denied a substantial constitutional right in that the imposition of sentence under the terms of a statute which was not in effect when the offense was committed violated the constitutional prohibition against the enactment of *ex post facto* laws. He argues that in being sentenced under the provisions of the statute which became effective on January 1, 1954, without being advised of his right to elect to be sentenced in accordance with the statute in effect when the offense was committed, he was deprived of his opportunity to offer evidence in mitigation and the right to have the maximum period of the commitment fixed by the court, rather than the statute.

Prior to consideration of this contention we must determine whether failure to raise this issue in the petition for writ of error seeking reversal of the judgment dismissing his first post-conviction petition constituted waiver, thus precluding further review. Our examination of the record of the prior proceeding fails to disclose any effort by appointed counsel, in either the trial court or this court, to amend the *pro se* petition or argue any issue other than to oppose the People's contention that the post-conviction petition was not timely filed. Under the circumstances shown, justice and fundamental fairness dictate relaxation of the principle of waiver. *People v. Frank, 48 Ill.2d 500; People v. Hamby, 32 Ill.2d 291.*

The offense to which petitioner pleaded guilty was committed on December 13, 1953. At that time section 3 of the Sentence and Parole Act required that in imposing sentence the court fix minimum and maximum limits, within the statutory limits provided for the offense. Insofar as here pertinent, the effect of the amendment to section 3, effective January 1, 1954, was that the court set no minimum sentence and the duration of petitioner's commitment could extend to the maximum term provided for burglary, life imprisonment.

Section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill.Rev.Stat. 1953, ch. 131, par. 4) provides in part: "No new law shall be construed to repeal a former law *** as to *** any penalty *** or punishment incurred, or any right accrued *** under the former law ***."

We have previously considered the contention that a change in the method of sentencing violates the constitutional prohibition against *ex post facto* laws and have held to the contrary. *(People v. Johnson, 23 Ill.2d 465.)* Petitioner, however, was entitled to be sentenced under either the law in effect at the time the offense was committed or that in effect at the time of sentencing *(People v. James, 46 Ill.2d 71),* and the record fails to show that he was advised of his right to, or permitted to, make the choice. Had he been so admonished he could have elected to offer evidence in mitigation and the order of commitment might have provided for a maximum sentence substantially less than the statutory maximum. Upon this record we hold that in the absence of a showing that he was advised of his right to elect under which statute he should be sentenced, and an express waiver of that right, petitioner was denied due process of law.

Petitioner has briefed and argued other issues but in view of the conclusion reached these need not be further discussed. The judgment of the circuit court of Cook County dismissing petitioner's post-conviction petition is

reversed and the cause is remanded with directions to vacate the sentence previously imposed and for further proceedings consistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.