NO. 4-05-0893      Filed 4/18/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DORIS C. LUSH, | ) | No. 03CF422 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert J. Eggers, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In May 2005, a jury convicted defendant, Doris C. Lush, of two counts of reckless homicide of Vicky Goins (720 ILCS 5/9-3(a), (c)(1), (c)(2) (West 2002)) (counts I and II), three counts of aggravated driving under the influence of alcohol (aggravated DUI (alcohol)) (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(C) (West 2002)) (counts III, IV, and VII), aggravated driving under the influence of cannabis (aggravated DUI (cannabis)) (625 ILCS 5/11-501(a)(6) (West 2002)) (count V), and failure to stop at a traffic-control signal (625 ILCS 5/11-306 (West 2002)) (count VI). The trial court later sentenced her to 10 years in prison on count I, 10 years in prison on count II, 3 years in prison on count IV, and 3 years in prison on count V, with those sentences to be served concurrently. The court also ordered defendant to pay a $200 fine on count VI. (The court did not enter judgment

on counts III and VII, having determined that they merged into defendant's convictions on counts I and II, respectively.)

Defendant appeals, arguing that (1) she cannot stand convicted of both counts of reckless homicide because to do so violates the one-act, one-crime rule; (2) aggravated DUI (alcohol) and aggravated DUI (cannabis) are both lesser-included offenses of reckless homicide; (3) one of her two aggravated DUI convictions must be vacated because she cannot stand convicted of both aggravated DUI (alcohol) and aggravated DUI (cannabis) under the one-act, one-crime rule; and (4) the trial court violated her due-process rights by failing to advise her of the option of receiving a sentence under the more favorable reckless-homicide statute that was in effect at the time of her sentencing. Because we conclude that (1) defendant cannot stand convicted of both counts of reckless homicide under the one-act, one-crime rule and (2) aggravated DUI (alcohol) is a lesser-included offense of reckless homicide, we vacate counts I and IV and otherwise affirm defendant's convictions and sentences.

I. BACKGROUND

In May 2005, the State filed the following amended charges against defendant regarding a May 4, 2003, accident:  (1) two counts of reckless homicide, in that defendant, while acting in a reckless manner, (a) drove while the alcohol concentration in her blood was .08 or above and disobeyed a traffic light,

- 2 -

causing a crash and Goins' death (720 ILCS 5/9-3(a), (c)(1) (West 2002)) (count I), and (b) drove while under the influence of alcohol and disobeyed a traffic light, causing a crash and Goins' death (720 ILCS 5/9-3(a), (c)(2) (West 2002)) (count II); (2) three counts of aggravated DUI (alcohol), in that defendant (a) drove while the alcohol concentration in her blood was .08 or above and had two prior DUI convictions (625 ILCS 5/11-501(a)(1), (d)(1)(C) (West 2002)) (count III), (b) drove while under the influence of alcohol to a degree that she was unable to drive safely and had two prior DUI convictions (625 ILCS 5/11-501(a)(2), (d)(1)(C) (West 2002)) (count IV), and (c) drove while under the influence of alcohol and disobeyed a traffic light, causing a crash and Goins' death (625 ILCS 5/11-501(a)(2), (d)(1)(C) (West 2002)) (count VII); (3) aggravated DUI (cannabis), in that defendant drove with cannabis present in her urine and had two prior DUI convictions (625 ILCS 5/11-501(a)(6) (West 2002)) (count V); and (4) failure to stop at a traffic-control device, in that defendant entered an intersection while the light was red (625 ILCS 5/11-306 (West 2002)) (count VI).

Because the parties are familiar with the evidence presented at defendant's jury trial, which was held later in May 2005, we discuss it only to the extent necessary to place defendant's arguments in context. The evidence showed that during the early evening hours of May 4, 2003, defendant was driving a Ford

Explorer east on Laurel Street in Springfield. Defendant ran a red light at the intersection of Laurel and Eleventh Street, colliding with a blue Chrysler that was being driven by Goins. Goins died later that night during emergency surgery at St. John's Hospital. Defendant also was transported to St. John's for treatment, where a routine toxicology test (performed at 7 p.m.) showed that her blood-serum alcohol content was .24 and her urine tested positive for cannabinoids. Defendant's treating physician testified that defendant showed signs of intoxication. Forensic toxicologist Daniel Brown testified that defendant's whole blood alcohol content at 7 p.m. on May 4, 2003, was .209 grams per deciliter. (Her blood-serum alcohol content was higher because serum contains a higher percentage of water and attracts more alcohol.) Brown calculated that at the time of the incident, defendant's whole blood alcohol content was .21 grams per deciliter. Brown also opined that at the time of the incident, defendant's reaction time, motor skills, and eye-hand coordination were "greatly impaired." On this evidence, the jury convicted defendant of all counts.

In June 2005, the trial court sentenced defendant to 10 years in prison on count I, 10 years in prison on count II, 3 years in prison on count IV, and 3 years in prison on count V, with those sentences to be served concurrently. The court also ordered defendant to pay a $200 fine on count VI. (The court

- 4 -

sentenced defendant on counts I and II under section 9-3(e) of the Criminal Code of 1961 (720 ILCS 5/9-3(e) (West 2002)), which provided that reckless homicide involving DUI (alcohol or drugs) was classified as a Class 2 felony punishable by 3 to 14 years in prison. As earlier stated, the court did not enter judgment on counts III and VII, having determined that they merged into defendant's convictions on counts I and II, respectively.)

This appeal followed.

## II. ANALYSIS

### A. Defendant's Claim That Her Reckless-Homicide Convictions Violate the One-Act, One-Crime Rule

Defendant first argues that she cannot stand convicted of both counts of reckless homicide (which involved only one victim--namely, Goins) because to do so violates the one-act, one-crime rule set forth in People v. King, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45 (1977). The State concedes that this court should vacate defendant's conviction under count I, and we accept the State's concession. See People v. Henderson, 329 Ill. App. 3d 810, 828, 768 N.E.2d 222, 237 (2002) (in which the appellate court vacated one of the defendant's reckless-homicide convictions because only one decedent was involved). Accordingly, we vacate defendant's reckless-homicide conviction under count I.

### B. Defendant's Claim That Aggravated DUI (Alcohol) and

- 5 -

Aggravated DUI (Cannabis) Are Both Lesser-Included
Offenses of Reckless Homicide

Defendant next argues that aggravated DUI (alcohol) and aggravated DUI (cannabis) are both lesser-included offenses of reckless homicide. We agree only that aggravated DUI (alcohol) is a lesser-included offense of reckless homicide.

In general, courts have taken two different approaches to identifying lesser-included offenses--the abstract-elements approach and the charging-instrument approach. People v. Bowens, 307 Ill. App. 3d 484, 492, 718 N.E.2d 602, 609 (1999). Our supreme court has expressed its preference for the charging-instrument approach. See People v. Kolton, 219 Ill. 2d 353, 360-61, 848 N.E.2d 950, 954-55 (2006) (discussing People v. Novak, 163 Ill. 2d 93, 643 N.E.2d 762 (1994) (in which the supreme court adopted the charging-instrument approach)). "The charging instrument approach looks to the allegations in the charging instrument to see whether the description of the greater offense contains a 'broad foundation' or 'main outline' of the lesser offense." Kolton, 219 Ill. 2d at 361, 848 N.E.2d at 954-55. Under the charging-instrument approach, the decision whether an offense is lesser included involves a case-by-case determination "using the factual description of the charged offense in the indictment." Kolton, 219 Ill. 2d at 367, 848 N.E.2d at 958. "A lesser offense will be 'included' in the charged offense if the factual description of the charged offense describes, in a broad

way, the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment can reasonably be inferred." Kolton, 219 Ill. 2d at 367, 848 N.E.2d at 958.

With these principles in mind, we first review the statutory definition of aggravated DUI (alcohol) and determine whether the facts alleged in count II of the charging instrument (charging reckless homicide) contain a broad foundation or main outline of the offense of aggravated DUI (alcohol). Section 11-501(a)(2) of the Illinois Vehicle Code, which defines the offense of DUI (alcohol), provides, in pertinent part, as follows:

> "(a) A person shall not drive or be in
> actual physical control of any vehicle within
> this State while:
> ***
> (2) under the influence of alcohol[.]"

625 ILCS 5/11-501(a)(2) (West 2002). Section 11-501(d)(1)(A) of the Vehicle Code provides that "[e]very person convicted of committing a violation of this [s]ection shall be guilty of aggravated driving under the influence" if the offense was her third similar conviction. 625 ILCS 5/11-501(d)(1)(A) (West 2002). However, prior DUI convictions do not constitute an element of an aggravated DUI charge. People v. Robinson, 368 Ill. App. 3d 963, 977, 859 N.E.2d 232, 247 (2006);

- 7 -

see also 725 ILCS 5/111-3(c) (West 2002) (when the State seeks an enhanced sentence because of a prior conviction, "the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense").

Count II of the charging instrument alleged that defendant committed the offense of reckless homicide in that she

> "while acting in a reckless manner, performed
> acts likely to cause the death of or great
> bodily harm to [Goins], in that said defen-
> dant operated a motor vehicle *** while under
> the influence of alcohol and disobeyed a
> traffic light ***, causing a crash between
> her motor vehicle and [Goins'] motor vehicle,
> thereby causing the death of [Goins]."

We conclude that count II sets forth a main outline of aggravated DUI (alcohol). In particular, we note that count II provided that defendant operated a motor vehicle "while under the influence of alcohol." That language explicitly tracks the language of section 11-501(a)(2) (625 ILCS 5/11-501(a)(2) (West 2002)), which defines aggravated DUI (alcohol). See People v. Green, 294 Ill. App. 3d 139, 149, 689 N.E.2d 385, 392 (1997) (concluding that aggravated DUI (alcohol) is a lesser-included offense of reckless homicide).

In so concluding, we reject the State's contention that

- 8 -

aggravated DUI (alcohol) is not a lesser-included offense of reckless homicide because the prior DUI convictions that enhanced the offense of DUI (alcohol) to aggravated DUI (alcohol) were elements of the offense not set forth in count II. As stated above, prior DUI convictions do not constitute an element of an aggravated DUI charge. Thus, we need not consider whether count II contains a broad foundation or main outline of prior DUI convictions.

We next review the statutory definition of aggravated DUI (cannabis) and determine whether the facts alleged in count II contain a broad foundation or main outline of the offense of aggravated DUI (cannabis). Section 11-501(a)(6) of the Illinois Vehicle Code, which defines the offense of DUI (cannabis), provides, in pertinent part, as follows:

> "(a) A person shall not drive or be in
> actual physical control of any vehicle within
> this State while:
>
> * * *
>
>     (6) there is any amount of a
>     drug, substance, or compound in the
>     person's breath, blood, or urine
>     resulting from the unlawful use or
>     consumption of cannabis ***." 626
>     ILCS 5/11-501(a)(6) (West 2002).

Reviewing the allegations of count II, we conclude that count II does not set forth a broad foundation or main outline of aggravated DUI (cannabis). In particular, count II does not allege that defendant operated a motor vehicle while under the influence of, or with the presence in her body of, a substance containing <u>cannabis</u>. Instead, count II alleged that defendant operated a motor vehicle under the influence of <u>alcohol</u>. We thus conclude that aggravated DUI (cannabis) is not a lesser-included offense of reckless homicide.

Accordingly, because aggravated DUI (alcohol) is a lesser-included offense of reckless homicide, we vacate defendant's aggravated DUI (alcohol) conviction (count IV). Because we have done so, we need not address defendant's argument that one of her two aggravated DUI convictions must be vacated because she cannot stand convicted of both aggravated DUI (alcohol) and aggravated DUI (cannabis) under the one-act, one-crime rule set forth in <u>King</u>, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.

### C. Defendant's Claim That the Trial Court Violated Her Due-Process Rights

Last, defendant argues that the trial court violated her due-process rights by failing to advise her of the option of receiving a sentence under the more favorable reckless-homicide statute that was in effect at the time of her sentencing. We disagree.

In general, a defendant is entitled to elect to be

- 10 -

sentenced either under the law in effect at the time she committed the offense or the law in effect at the time of sentencing. People v. Hollins, 51 Ill. 2d 68, 71, 280 N.E.2d 710, 712 (1972); People v. Martinez, No. 1-04-2023, slip op. at 8-9 (January 12, 2007), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.  However, if the newly enacted statute changed the nature or substantive elements of an existing offense (as opposed to merely reducing the applicable punishment), the defendant is not entitled to choose the statute under which she may be sentenced and, instead, should be convicted and sentenced under the law in effect at the time she committed the offense.  Martinez, slip op. at 9, ___ Ill. App. 3d at ___, ___ N.E.2d at ___; see also People v. Land, 178 Ill. App. 3d 251, 260, 533 N.E.2d 57, 63 (1988) (if the newly enacted statute "change[s] the nature or substantive elements of the offense, rather than only the punishment, a defendant cannot take advantage of the mitigation of the punishment in the new law").

In this case, on May 4, 2003 (the date of the offense), section 9-3 of the Criminal Code generally classified reckless homicide as a Class 3 felony, punishable by two to five years in prison (720 ILCS 5/9-3(d)(2) (West 2002); 730 ILCS 5/5-8-1(a)(6) (West 2002)).  In addition to that general classification, section 9-3(e) provided, in pertinent part, as follows:

"[I]n cases involving reckless homicide in

which the defendant was determined to have been under the influence of alcohol or any other drug or drugs as an element of the offense, or in cases in which the defendant is proven beyond a reasonable doubt to have been under the influence of alcohol or any other drug or drugs, the penalty shall be a Class 2 felony, for which a person, if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 3 years and not more than 14 years."  720 ILCS 5/9-3(e) (West 2002).

Effective July 18, 2003 (approximately two months after the offense and two years prior to defendant's sentencing), the legislature amended section 9-3 of the Criminal Code (Pub. Act 93-213, §9-3, eff. July 18, 2003 (2003 Ill. Laws 2120, 2122)) in response to our supreme court's decision in People v. Pomykala, 203 Ill. 2d 198, 784 N.E.2d 784 (2003).  In Pomykala, our supreme court held that section 9-3(b) created an improper mandatory presumption because once the jury concluded that the defendant was intoxicated, the jury was to presume that the defendant was reckless unless the defendant proved otherwise.  Pomykala, 203 Ill. 2d at 207-08, 784 N.E.2d at 790.  Under the newly enacted version of section 9-3, reckless homicide remained a Class 3

felony punishable by two to five years in prison (720 ILCS 5/9-3(d)(2) (West 2004); 730 ILCS 5/5-8-1(a)(6) (West 2004)). However, Public Act 93-213 made significant changes to section 9-3, including removing subsection (e), under which reckless homicide involving DUI (alcohol or drugs) was classified as a Class 2 felony punishable by 3 to 14 years in prison.

In addition, Public Act 93-213 amended section 11-501(d) of the Vehicle Code (625 ILCS 5/11-501(d) (West 2004)), which defines aggravated DUI, by adding language similar to section 9-3(e) of the Criminal Code to offset the removal of section 9-3(e). In particular, Public Act 93-213 added section 11-501(d)(1)(F) of the Vehicle Code, which provides, in pertinent part, as follows:

"Every person convicted of committing a violation of this [s]ection shall be guilty of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof if:

* * *

(F) the person, in committing a [DUI] violation ***, was involved in a motor vehicle, snowmobile, all-terrain vehicle, or watercraft

- 13 -

accident that resulted in the death of another person, when the violation *** was a proximate cause of the death."  625 ILCS 5/11-501(d)(1)(F) (West 2004).

Public Act 93-213 also amended section 11-501(d)(2) to provide, in pertinent part, that aggravated DUI (alcohol or drugs) is a Class 2 felony with a penalty range of 3 to 14 years in prison if the violation resulted in the death of one person.  625 ILCS 5/11-501(d)(2) (West 2004).

In Martinez, the defendant raised the same issue defendant now raises on appeal--namely, that the trial court violated his due-process rights by failing to advise him of the option of receiving a sentence under the more favorable reckless-homicide statute that was in effect prior to the enactment of Public Act 93-213 and at the time of the defendant's sentencing. The First District rejected the defendant's argument, upon holding that Public Act 93-213 resulted in substantive changes to the reckless-homicide statute.  Martinez, slip op. at 11, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.  In so holding, the First District wrote, in pertinent part, as follows:

"[W]e believe that Public Act 93-213, (Pub. Act 93-213, eff. July 18, 2003), which repealed parts of section 9-3 of the Criminal

- 14 -

Code (720 ILCS 5/9-3(d)(2) (West 2000)), affected the nature and substance of the reckless[-]homicide statute rather than only changing the sentencing. Most importantly, Public Act 93-213 eliminated the enhancing elements in the reckless[-]homicide statute with regard to reckless homicide while intoxicated. *** [W]e note that the Illinois General Assembly created a new category of offense under the DUI statute in order to replace the provisions that Public Act 93-213 eliminated from the reckless[-]homicide statute. See 625 ILCS 5/11-501(d) (West 2004). The new offense under the DUI statute provided for the exact same penalties as the former offense of reckless homicide. Thus, it is clear that in enacting Public Act 93-213, the Illinois General Assembly never intended for the punishment to be any less stringent for those who, like defendant, drive under the influence of alcohol or drugs and cause death. In light of these substantive changes, we do not believe that defendant should have been entitled to take advan-

tage of the more favorable sentencing provisions created by Public Act 93-213."  (Emphases added.)  <u>Martinez</u>, slip op. at 12-13, ___ Ill. App. 3d at ___, ___ N.E.2d at ___.

We agree with the holding and reasoning of <u>Martinez</u>.  We thus hold that Public Act 93-213 resulted in substantive changes to the reckless-homicide statute.  Accordingly, we conclude that defendant was not entitled to elect to be sentenced under section 9-3(d)(2) of the Criminal Code (720 ILCS 5/9-3(d)(2) (West 2004)), the more favorable reckless-homicide sentencing provision created by Public Act 93-213.

In so concluding, we note that to the extent our decision conflicts with <u>People v. Gancarz</u>, 369 Ill. App. 3d 154,182-83, 859 N.E.2d 1127, 1153 (2006) (in which the Second District concluded--based on different reasoning--that the defendant should have been given the opportunity to be sentenced under the new, more favorable reckless-homicide sentencing provision), we decline to follow it.

### III. CONCLUSION

For the reasons stated, we vacate counts I and IV and otherwise affirm defendant's convictions and sentences.

Affirmed in part; vacated in part.

APPLETON and McCULLOUGH, JJ., concur.

- 16 -