THIRD DIVISION
December 5, 2007

No. 1-05-4073

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| LEONTEA CALHOUN, | ) | Honorable |
| | ) | David P. Sterba, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Defendant Leontea Calhoun entered a plea of guilty to two counts of reckless homicide and was subsequently sentenced to concurrent terms of 20 years' imprisonment. On appeal, defendant contends that the circuit court violated his due process rights by failing to provide him with the opportunity to choose to be sentenced under the statute in effect at the time of the offense or the law in effect at the time of sentencing.

BACKGROUND

Defendant was charged by indictment with four counts of reckless homicide and two counts of felony aggravated driving under the influence. On April 4, 2005, the circuit court conducted a plea hearing where defendant indicated his desire to plead guilty to two counts of reckless homicide. He further

1-05-4073

indicated that he understood that no agreement had been made with the State regarding a sentencing recommendation or with the court as to what sentence would be imposed.

During the plea proceedings, the court admonished defendant that reckless homicide was a Class 2 felony, punishable by a penitentiary sentence within the range of 6 to 28 years and a 2-year period of mandatory supervised release. The court then admonished defendant pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402). The factual basis for defendant's plea showed that about 3:35 a.m. on December 28, 2002, defendant was driving a vehicle with a blood alcohol content of 0.268, three times above the legal limit. Defendant ran a red light at the intersection of 111th Street and Ridgeland Avenue and struck the vehicle occupied by Noell and Nicole Cahill, causing their deaths. The court determined that defendant's plea was made knowingly and voluntarily and that the factual basis supported the plea; then it entered findings of guilty on the two offenses and continued the case for sentencing.

On November 16, 2005, the court sentenced defendant to concurrent terms of 20 years' imprisonment. Defendant subsequently filed a motion to reconsider his sentence, arguing that it was excessive and that the circuit court failed to adequately consider the mitigating evidence. The court denied the motion.

1-05-4073

## ANALYSIS

In this appeal, defendant first contends that his cause should be remanded for a new sentencing hearing because the circuit court violated his due process rights by failing to inform him of his right to choose to be sentenced under the law in effect at the time the offense was committed or the law in effect at the time of sentencing. Defendant acknowledges that he failed to raise this issue in his written posttrial motion to reconsider his sentence, but he argues that we should review the issue as "plain error" and because the error resulted from the ineffective assistance of his plea counsel.

In the context of a sentencing hearing, a reviewing court may consider a forfeited error under the plain error doctrine when the evidence is closely balanced or the error is so fundamental that it may have deprived the defendant a fair sentencing hearing. People v. Hall, 195 Ill. 2d 1, 18 (2000); People v. Thomas, 178 Ill. 2d 215, 251 (1997). For the reasons to follow, we do not find this to be such a case.

A defendant is "entitled to be sentenced under either the law in effect at the time of the offense or the law in effect at the time of sentencing." People v. Hollins, 51 Ill. 2d 68, 71 (1972). A defendant's due process rights are violated if he is not advised of his right to elect the statute under which he should be sentenced and he does not expressly waive that right. Hollins, 51 Ill. 2d at 71.

- 3 -

"[Where] any punishment is mitigated by the provisions of a new law, defendant can consent to the application of the new provision if it became effective prior to his sentencing." People v. Land, 178 Ill. App. 3d 251, 260 (1988). If, however, the newly enacted statute changes the nature or substantive elements of an existing offense, rather than merely reducing the applicable punishment, defendant is not entitled to choose the statute under which he may be sentenced and may be convicted and sentenced under the law in effect at the time the offense was perpetrated. People v. Martinez, 371 Ill. App. 3d 363, 371 (2007), citing Land, 178 Ill. App. 3d at 260-61.

On the date of the offense (December 28, 2002) in this case, section 9-3 of the Criminal Code of 1961 classified reckless homicide as a Class 3 felony, punishable by two to five years' imprisonment. 720 ILCS 5/9-3(d)(2) (West 2000). In addition, section 9-3(e) of the Criminal Code stated that in cases involving reckless homicide in which the defendant was determined to have been under the influence of alcohol or drugs as an element of the offense, the offense was a Class 2 felony, for which a person, if sentenced to imprisonment, shall be sentenced to a term of not less than 3 years, nor more than 14 years. 720 ILCS 5/9-3(e) (West 2000).

On July 18, 2003, approximately 2½ years prior to the date of sentencing, the Illinois General Assembly amended section 9-3 of the Criminal Code to reflect that reckless homicide generally

remained a Class 3 felony punishable by two to five years' imprisonment. 720 ILCS 5/9-3(d)(2) (West 2004). Under Public Act 93-213 (Pub. Act 93-213, eff. July 18, 2003), section 9-3(e), which previously had raised reckless homicide involving driving under the influence of alcohol or drugs from a Class 3 to a Class 2 felony, punishable by 3 to 14 years' imprisonment, was eliminated.

Based on that development, defendant contends that he was prejudiced by the court's failure to advise him that he had the right to choose between the two sentencing options where he received a sentence that was four times greater than the maximum sentence permitted under the law at the time of sentencing.

This same argument was raised and rejected by this court in Martinez, 371 Ill. App. 3d at 374-75. In Martinez, 371 Ill. App. 3d at 373-74, this court recognized the general entitlement of defendant to be sentenced under the law in effect at the time of the offense or at the time of sentencing, but found that the substantive changes made to the reckless homicide statute under Public Act 93-213 precluded that option. We also found that the Act repealed parts of section 9-3 of the Criminal Code (720 ILCS 5/9-3(d)(2) (West 2000)), which affected the nature and substance of the reckless homicide statute, and noted that the General Assembly had created a new category of offense under the driving-under-the-influence statute replacing the provisions eliminated from the reckless homicide statute by the Act (see 625 ILCS 5/11-

501(d) (West 2004)).  Martinez, 371 Ill. App. 3d at 374.  We also concluded that the General Assembly did not intend the punishment to be less stringent for those who drive under the influence of alcohol or drugs and cause death and, accordingly, that defendant was not entitled to take advantage of the more favorable sentencing provisions created by the Act.  Martinez, 371 Ill. App. 3d at 374.

The same result was obtained in People v. Lush, 372 Ill. App. 3d 629, 637-38 (2007), where the Fourth District agreed with the holding and reasoning set forth in Martinez.  In that case, defendant raised the same due process issue, and the court determined that because Public Act 93-213 resulted in substantive changes to the reckless-homicide statute, defendant was not entitled to elect to be sentenced under section 9-3(d)(2) of the Criminal Code (720 ILCS 5/9-3(d)(2) (West 2004)), the more favorable reckless-homicide sentencing provision created by Public Act 93-213.  Lush, 372 Ill. App. 3d at 638.

We find no reason to depart from the reasoning or conclusion drawn in Martinez or Lush and likewise find that, based on the substantive changes made to the reckless homicide statute, defendant was not entitled to choose under which statute he would like to be sentenced.  Martinez, 371 Ill. App. 3d at 375.  We thus find no error by the circuit court to invoke the exception to the waiver rule.  Thomas, 178 Ill. 2d at 251-52.

1-05-4073

Defendant further claims that this court should not impute waiver to his sentencing claim because his trial counsel was ineffective for failing to ensure his ability to exercise his legal right to be sentenced under the law in effect at the time of sentencing and for failing to preserve this issue in the motion to reconsider his sentence. The State responds that because defendant was not entitled to be sentenced under the law in place at the time of sentencing, his counsel was not ineffective for not informing him of the alleged claim or raising it in the postplea motion.

To prevail on a claim of ineffective assistance of counsel, defendant must show that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Where defendant fails to make the requisite showing under either prong of this test, his claim is defeated. People v. Palmer, 162 Ill. 2d 465, 475-76 (1994). To show prejudice, defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings likely would have been different. People v. Manning, 334 Ill. App. 3d 882, 892 (2002).

As noted above, the substantive nature of the changes made by Public Act 93-213 to the Criminal Code precluded defendant

1-05-4073

from choosing the statute under which he would be sentenced. Therefore, counsel was not remiss in failing to tell defendant that he had such a sentencing option, and defendant cannot establish prejudice from counsel's failure to include this issue in his motion to reconsider his sentence. Defendant, therefore, cannot meet either prong of the Strickland test to establish his claim of ineffective assistance of trial counsel.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MURPHY, J., concurs.

JUSTICE NEVILLE, dissenting:

The majority holds that Calhoun was not entitled to make an election about which statute he was sentenced under because the nature and substance of the reckless homicide statute was changed when the legislature promulgated Public Act 93-213 and repealed subsections 9-3(b), (c), (e) and (e-5) and added subsections 9-3(e-7), (e-8) and (e-9) to the reckless homicide statute. I disagree. I believe that a close reading of the reckless homicide statute reveals that while Public Act 93-213 repealed subsections 9-3(b), (c), (e) and (e-5) and added subsections 9-3(e-7), (e-8) and (e-9), the public act did not amend or change the elements of the offense of reckless homicide codified in subsection 9-3(a). Because Public

- -8- -

Act 93-213 did not amend or change the elements of the offense of reckless homicide codified in subsection 9-3(a), the legislature did not change the nature and substance of the statute. Therefore, Calhoun's due process rights were violated when the trial court did not permit him to elect to be sentenced either (1) under the 2000 law in effect at the time of the offense, or (2) under the 2004 law in effect at the time of sentencing. See also People v. Gancarz, 369 Ill. App. 3d 154 (2006). Accordingly, I respectfully dissent.

PLAIN ERROR REVIEW

The majority holds that the defendant is not entitled to plain error review (1) because the evidence was not closely balanced, and (2) because the error was not so fundamental that it deprived the defendant of a fair sentencing hearing. I disagree. Illinois law is clear that a defendant is entitled to be sentenced under either the law in effect at the time of the offense or the law in effect at the time of sentencing. People v. Hollins, 51 Ill. 2d 68, 71 (1972). Moreover, a defendant's due process rights are violated if (1) he is not advised of his right to elect the statute under which he should be sentenced, and (2) he does not expressly waive that right. Hollins, 51 Ill. 2d at 71. "If, however, the newly enacted statute changes the nature or substantive elements of an existing offense, [a] defendant may be convicted and sentenced under the law in effect at the time the offense was [committed]." People v. Martinez, 371 Ill. App. 3d 363, 371 (2007). The Illinois Supreme Court has held that "[t]he imposition of an unauthorized sentence affects substantial rights" and that plain error review extends to such matters. People v. Hicks, 181 Ill. 2d 541, 545 (1998). Because Public Act 93-213 did not change the nature or substantive elements of the reckless homicide statute, and because Calhoun was not permitted to decide under which law he would be sentenced, his sentence was unauthorized and affected his substantial rights. Accordingly, I would review his sentence under the plain error doctrine. See Hicks, 181 Ill. 2d at 545.

MARTINEZ AND LUSH DO NOT SUPPORT THE MAJORITY'S POSITION

The defendant argues that his due process rights were violated when the court failed to advise him that he had the right to choose between two sentencing options because the sentence he received under the 2000 sentencing law was four times greater than the maximum sentence permitted under the 2004 sentencing law. The majority rejects this argument and cites People v. Martinez, 371 Ill. App. 3d 363, 371 (2007) and People v. Lush, 372 Ill. App. 3d 629 (2007), in support of its position. I think the majority's reliance on Martinez and Lush is misplaced.

In Martinez, this court held that a defendant's due process rights were not violated by the circuit court's failure to advise him of the option of receiving a sentence under the statute that was in effect on the date of the offense or the statute that was in effect on the date he was sentenced. Martinez, 371 Ill. App. 3d at 371; 720 ILCS 5/9-3 (West 2000). The Martinez court also held that because the amendments to the reckless homicide statute were substantive and thus affected the nature and substance of the crime of reckless homicide, the defendant was barred from choosing under which reckless homicide statute he would be sentenced. Martinez, 371 Ill. App. 3d at 374. The Martinez court noted that Public Act 93-213 repealed the enhancing elements (subsections 9-3(e) and (e-5)) in the reckless homicide statute when an individual was convicted of reckless homicide while intoxicated. Martinez, 371 Ill. App. 3d at 374, citing Public Act 93-213, eff. July 18, 2003. Furthermore, the Martinez court noted that the public act amended section 9-3 of the Criminal Code by adding several subsections (subsections 9-3(e-7), (e-8), (e-9)), all of which permitted defendants convicted of reckless homicide to be punished as Class 2 felons under circumstances that were not permitted prior to the amendments. Martinez, 371 Ill. App. 3d at 374. Lastly, the Martinez court found that the legislature created the offense of aggravated driving under the influence and codified it in the Illinois Vehicle Code in order to replace subsection 9-3(b) of the Code, one of the sections that Public Act 93-213 repealed in the reckless homicide statute. Martinez, 371 Ill. App. 3d at 372, citing 625 ILCS 5/11-501(d) (West 2004). According to the Martinez court, the aforementioned amendments were substantive changes to the offense of reckless homicide that

barred Martinez from taking advantage of the more favorable sentencing provisions in the statute in effect at the time he was sentenced. Martinez, 371 Ill. App. 3d at 374. The Lush court agreed with the holding and reasoning of Martinez. Lush, 372 Ill. App. 3d at 638.

I disagree with the majority's reliance on the Martinez and Lush cases, with the majority's reasoning and construction of the reckless homicide statute and with the majority's conclusion that the repeal of subsections 9-3(b), (c), (e) and (e-5) and the additions of subsections 9-3(e-7), (e-8) and (e-9) to the reckless homicide statute affected the substantive elements of the crime of reckless homicide.

The majority fails to state in which subsection of the reckless homicide statute the elements are codified. The Illinois Supreme Court reviewed subsection 9-3(a) of the reckless homicide statute (Ill. Rev. Stat. 1987, ch. 38, par. 9-3(a))[1] and held that the elements of reckless homicide are as follows: (1) that the individual was operating a motor vehicle; (2) that the individual unintentionally caused a death while operating the vehicle; and (3) that the acts which caused the death were performed recklessly so as to create a likelihood of death or great bodily harm to some person. People v. Wilson, 143 Ill. 2d 236, 245 (1991), citing Ill. Rev. Stat. 1987, ch. 38, par. 9-3(a). According to Wilson, the elements of the offense of reckless homicide are codified in subsection 9-3(a). Wilson, 143 Ill. 2d at 245. While the supreme court has found that intoxication is not an element of the offense of reckless homicide (Wilson, 143 Ill. 2d at 245), the court did note that intoxication is probative of the issue of recklessness. People v. Smith, 149 Ill. 2d 558, 563 (1992). Although the Wilson court reviewed the 1987 version of subsection 9-3(a) of the Criminal Code (Wilson, 143 Ill. 2d at 245), it should be noted that the language is almost identical in the 1987, 2000 and 2004 versions of subsection 9-3(a) of the Criminal Code. Compare Ill. Rev. Stat. 1987,

---

[1] Now 720 ILCS 5/9-3(a) (West 2004).

ch. 38, par. 9-3(a)[2]; 720 ILCS 5/9-3(a)( West 2002)[3]; 720 ILCS 5/9-3(a) (West 2004)[4]. Therefore, because the language in the 1987, 2000 and 2004 versions of subsection 9-3(a) of the Criminal Code is almost identical, it is clear that the elements of the offense of reckless homicide did not change after the legislature promulgated Public Act 93-213.  Compare Ill. Rev. Stat. 1987, ch. 38, par. 9-3(a), 720 ILCS 5/9-3(a) (West 2000); 720 ILCS 5/9-3(a) (West 2004).

When Public Act 93-213 repealed subsections 9-3(b), (c), (e) and (e-5) and amended section 9-3 and added subsections 9-3(e-7), (e-8) and (e-9) to the reckless homicide statute, it did not change the language or substantive elements that are codified in subsection 9-3(a) of the Code.  Moreover, when Public Act 93-213 incorporated the offense of aggravated driving under the influence into the Illinois Vehicle Code (625 ILCS 5/11-501(d) (West 2004), there was no change in the substantive

---

[2] "A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of driving of a motor vehicle, in which case the person commits reckless homicide."  Ill. Rev. Stat. 1987, ch. 38, par. 9-3(a).

[3] "A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle or operating a snowmobile, all-terrain vehicle, or watercraft, in which case the person commits reckless homicide."  720 ILCS 5/9-3(a) (West 2000).

[4] "A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle or operating a snowmobile, all-terrain vehicle, or watercraft, in which case the person commits reckless homicide."  720 ILCS 5/9-3(a) (West 2004).

elements in subsection 9-3(a), and there was no need to change the elements of reckless homicide because aggravated driving under the influence is a lesser-included offense of reckless homicide. People v. Green, 294 Ill. App. 3d 139, 149 (1997). Finally, if the majority compared the 2000 version of subsection 9-3(a) of the Criminal Code to the 2004 version of subsection 9-3(a) of the Criminal Code, it would find that the class and sentence for the offense of reckless homicide were not changed by Public Act 93-213. Compare 720 ILCS 5/9-3(d)(2) (West 2000)[5] and 730 ILCS 5/5-8-1(6) (West 2000)[6] with 720 ILCS 5/9-3(d)(2) (West 2004)[7] and 730 ILCS 5/5-8-1(6) (West 2004).[8] Accordingly, the majority is in error when it holds that Public Act 93-213 changed the substantive elements of the offense of reckless homicide.

CONCLUSION

In conclusion, Public Act 93-213 did not change the language or the elements of the offense of reckless homicide codified in subsection 9-3(a) of the Criminal Code and the Public Act did not change the class of offense or sentence for a person convicted of reckless homicide. Accordingly, I would hold that the trial court erred when it denied Calhoun the option of choosing between being sentenced under the 2000 sentencing law in effect at the time of the offense or the 2004 sentencing law in effect at the time of sentencing, and I

---

[5] Reckless homicide is a Class 3 felony. 720 ILCS 5/9-3(d)(2) (West 2000).

[6] For a Class 3 felony, the sentence shall be not less than two years and not more than five years. 730 ILCS 5/5-8-1(6) (West 2000).

[7] Reckless homicide is a Class 3 felony. 720 ILCS 5/9-3(d)(2) (West 2004).

[8] For a Class 3 felony, the sentence shall be not less than two years and not more than five years. 730 ILCS 5/5-8-1(6) (West 2004).

1-05-4073

would affirm his conviction, vacate his sentence and remand his case for resentencing.