Docket No. 104029.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RICHARD GANCARZ, Appellee.

*Opinion filed April 3, 2008.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

The issue in this case is whether the trial court violated the due process rights of defendant Richard Gancarz by failing to advise him of his option to be sentenced under the reckless homicide statute as it existed at the time of the offense (720 ILCS 5/9–3(a) (West 2000)) or under the reckless homicide statute as it existed at the time he was sentenced (720 ILCS 5/9–3(a) (West 2004)).

Defendant was charged by an indictment with several counts of reckless homicide (720 ILCS 5/9–3(a) (West 2000)), two counts of aggravated driving under the influence (DUI) (625 ILCS 5/11–501(a)(4), (d)(1)(C) (West 2000)), and driving with a suspended license (625 ILCS 5/6–303(a) (West 2000)). These charges arose from a collision of defendant's tractor-semitrailer with a car driven by

Aric Wooley in a busy intersection on June 16, 2000. The defendant was under the influence of cannabis and Wooley died as a result of injuries he received in the collision.

After a bench trial in the circuit court of Du Page County, defendant was convicted of reckless homicide, aggravated driving under the influence (DUI), and driving on a suspended license. Following the sentencing hearing on December 19, 2003, the trial court merged the DUI charge with the reckless homicide charge and sentenced defendant under the statutes in effect at the time of the offense to a 14-year prison term for reckless homicide with a concurrent 3-year term for driving on a suspended license.

The appellate court affirmed the defendant's convictions but vacated the 14-year sentence for reckless homicide because defendant was denied due process when he was not informed by the trial court of his right to elect sentencing under the reckless homicide statute as it existed at the time of the offense or as it existed at the time of his sentencing; it remanded the cause to the trial court for sentencing under the aggravated DUI statute as it existed at the time of the offense; and it affirmed the remainder of the judgment. 369 Ill. App. 3d 154. Aggravated DUI, as it existed at the time of the crime, and under which defendant was also charged and convicted, was punishable by an enhanced sentence of 1 to 12 years. 625 ILCS 5/11–501(a)(4), (d)(1)(C), (d)(2) (West 2000). We granted the State's petition for leave to appeal. 210 Ill. 2d R. 315. For the reasons that follow, the judgment of the appellate court is affirmed in part and reversed in part, and the judgment of the trial court is affirmed.

BACKGROUND

At the time of the offense on June 16, 2000, section 9–3(a) of the Criminal Code of 1961 provided that reckless homicide is committed by one who unintentionally causes the death of another through operation of a motor vehicle while engaging in acts likely to cause death or great bodily harm and performing those acts recklessly. 720 ILCS 5/9–3(a) (West 2000); see *People v. Sienkiewicz*, 208 Ill. 2d 1 (2003); *People v. Wilson*, 143 Ill. 2d 236 (1991). Section 9–3(d)(2) classified reckless homicide as a Class 3 felony (720 ILCS 5/9–3(d)(2) (West 2000)), punishable by two to five years'

imprisonment (see 730 ILCS 5/5–8–1(a)(6) (West 2000)). In addition to this general classification of reckless homicide as a Class 3 felony, section 9–3(e) provided, in pertinent part, as follows:

> "[I]n cases involving reckless homicide in which the defendant was determined to have been under the influence of alcohol or any other drug or drugs as an element of the offense, or in cases in which the defendant is proven beyond a reasonable doubt to have been under the influence of alcohol or any other drug or drugs, the penalty shall be a Class 2 felony, for which a person, if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 3 years and not more than 14 years." 720 ILCS 5/9–3(e) (West 2000).

The General Assembly later enacted Public Act 93–213 with an effective date of July 18, 2003, which removed parts of the reckless homicide statute and added and amended parts of the aggravated driving under the influence statute. Pub. Act 93–213, §§5, 7, eff. July 18, 2003. This public act removed subsections 9–3(b), 9–3(c), 9–3(e), and 9–3(e–5) from the reckless homicide statute, each of which pertained to alcohol or any other drug. The act also added and amended section 11–501(d)(1) of the Vehicle Code (625 ILCS 5/11–501(d)(1) (West 2004)), which defines aggravated DUI. The act added section 11–501(d)(1)(F), which provides, in pertinent part:

> "(d)(1) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof if:
>
> * * *
>
> (F) the person, in committing a [DUI] violation *** was involved in a motor vehicle *** accident that resulted in the death of another person, when the violation *** was a proximate cause of the death." 625 ILCS 5/11–501(d)(1)(F) (West 2004).

Public Act 93–213 also amended section 11–501(d)(1)(2) to provide:

> "Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or

any combination thereof as defined in subparagraph (F) of paragraph (1) of this subsection (d) is a Class 2 felony, for which the defendant, if sentenced to a term of imprisonment, shall be sentenced to *** a term of imprisonment of not less than 3 years and not more than 14 years if the violation resulted in the death of one person ***." 625 ILCS 5/11–501(d)(2)) (West 2004).

The practical effect of Public Act 93–213 was to simultaneously remove section 9–3(e) from the reckless homicide statute and add similar language to the aggravated DUI statute, including the sentence of not less than 3 and not more than 14 years' imprisonment. After the removal of section 9–3(e), the reckless homicide statute remained a Class 3 felony punishable by two to five years' imprisonment. 720 ILCS 5/9–3(d)(2) (West 2000).

## STANDARD OF REVIEW

Because the facts of this case are not in dispute, the question is a legal one and our review is *de novo. People v. Bracey*, 213 Ill. 2d 265, 270 (2004).

## ANALYSIS

There is no dispute that defendant was not admonished by the trial court of a right to choose to be sentenced under the reckless homicide statute as it existed on the date of the offense or as that statute existed on the date of his sentencing. Where the defendant has a right to make such an election, we have held that in the absence of a showing that he was advised of his right to elect under which statute he should be sentenced, and an express waiver of that right, the defendant is denied due process of law. *People v. Hollins*, 51 Ill. 2d 68 (1972).

Defendant argues that he has a right to choose to be sentenced under the reckless homicide statute as it existed on the date of the offense or as that statute existed on the date of his sentencing, and he relies on the second sentence of section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2004)), which provides:

"If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent

of the party affected, be applied to any judgment pronounced after the new law takes effect."

Defendant contends that he was charged with and convicted of reckless homicide as defined in section 9–3(a). At the time the offense was committed, he could have been sentenced under section 9–3(e) as a Class 2 felon and sentenced to 3 to 14 years' imprisonment, rather than a Class 3 felon under section 9–3(d); however, at the time he was sentenced, the penalty provision of section 9–3(e) had been removed from the statute. Nothing in the remaining penalty provision, set forth in section 9–3(d), precluded the judge from sentencing him to two to five years' imprisonment as a Class 3 felon for having committed the crime for which he was convicted, namely, reckless homicide. Thus, the 2003 amendment did not change the nature of reckless homicide, nor did it make a substantive change to any element of the offense. It only removed an enhanced-sentencing provision.

In support of this argument, defendant places great reliance on *People v. Jackson*, 99 Ill. 2d 476 (1984). In *Jackson* the defendant committed theft by taking property valued at $251.98. At the time of the offense, the theft statute penalized the taking of property worth more than $150 as a felony. Before sentencing, an amendment to the theft statute became effective, which raised the felony demarcation value of property to $300. On appeal, defendant sought to be resentenced as a misdemeanant under the theft statute as amended.

In *Jackson* defendant argued that the amendment applied only to sentencing, *i.e.*, mitigation of punishment. The State argued the value of the property taken is an element of the crime, and thus the effect of retroactive application would be to repeal the prior law, a result expressly forbidden by the first and third sentences of section 4 of the Statute on Statutes which provide:

> "No new law shall be construed to repeal a former law *** as to any offense committed against the former law, or as to any act done, any *** punishment incurred *** or in any way whatsoever to affect any such offense or act so committed or done *** or punishment so incurred *** before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. *** This section shall

extend to all repeals *** whether the repeal is in the act making any new provision upon the same subject or in any other act." 5 ILCS 70/4 (West 2004).

The *Jackson* court then discussed and analyzed a number of appellate court cases which reached conflicting results and which are cited by the State and the defendant in the case now before us. That court held that the amendment to the theft statute before it affected sentencing only and that, even with retroactive application, the defendant could still be convicted of theft. *People v. Jackson*, 99 Ill. 2d at 480-81. In short, the amendment mitigated the sentence only; it did not make a substantive change, and the defendant could consent to the application of the new law.

The State argues, however, that Public Act 93–213 made substantive changes to the reckless homicide statue. This court has held that the first and third sentences of section 4 of the Statute on Statutes forbids the retroactive application of substantive changes to statutes. *People v. Glisson*, 202 Ill. 2d 499 (2002); *People v. Bilderback*, 9 Ill. 2d 175 (1956). Thus, where the newly enacted statute changes the substance of an existing law, rather than merely mitigating the punishment, a defendant cannot take advantage of the mitigation of the punishment in the new law. *People v. Glisson*, 202 Ill. 2d 499 (2002); *People v. Bilderback*, 9 Ill. 2d 175 (1956); see also *People v. Land*, 178 Ill. App. 3d 251 (1988); *People v. Fisher*, 135 Ill. App. 3d 502 (1985).

The first two appellate court cases to consider the same issue and the same statutes, as those involved in this case, are *People v. Malin*, 359 Ill. App 3d 257 (2005), and the case now before us. Both the *Malin* and the appellate court below stated that due to the change in the reckless homicide statute by Public Act 93–213, defendant had a choice to be sentenced under either the law in effect at the time the offense was committed or that in effect at the time of sentencing, citing *People v. Hollins*, 51 Ill. 2d 68 (1972).

Neither *Malin* nor the court below discussed or examined whether the "change" in the reckless homicide statute was a substantive change, a procedural change or a mitigation of sentence. The *Hollins* case involved a *sentencing procedure* in Illinois which changed from determinate to indeterminate and then back to determinate sentencing. See *People v. Johnson*, 23 Ill. 2d 465 (1961);

*People v. James*, 46 Ill. 2d 71 (1970). This court explained the distinction between a substantive change and a procedural change under section 4 of the Statute on Statutes in *People v. Glisson*, 202 Ill. 2d 499, 506-07 (2002).

Ultimately, the *Malin* court held that Public Act 93–213 replaced the reckless homicide statute, when multiple deaths and DUI were at issue, with amendments to the aggravated DUI statute. The court found that defendant's conduct was always subject to the same punishment, albeit the charges subjecting him to that punishment had changed. Thus, the defendant did not have any real choice in determining which statutory scheme to be sentenced under because he was always subject to being sentenced as a Class 2 felon. *People v. Malin*, 359 Ill. App. 3d at 263. The court affirmed defendant's enhanced sentence under the reckless homicide statute.

The court below declined to follow the result of *Malin.* It ultimately held that defendant was denied due process when he was not informed of his right to elect sentencing under either the former version (720 ILCS 5/9–3(e) (West 2000)) or the more favorable, amended version (720 ILCS 5/9(d)(2) (West 2004)) of the reckless homicide statute. 369 Ill. App. 3d at 182-83. The court then vacated the 14-year sentence imposed by the trial court under the reckless homicide statute as it existed at the time of the offense.

The next case to consider this same issue, Public Act 93–213 and the same statutes, is *People v. Martinez*, 371 Ill. App. 3d 363 (2007). The *Martinez* court found that Public Act 93–213, which repealed parts of the reckless homicide statute, affected the nature and substance of that statute rather than only changing the sentencing. The court stated that most importantly Public Act 93–213 eliminated the enhancing elements in the reckless homicide statute with regard to homicide while under the influence of alcohol or other drug or drugs. Further, the public act created a new category of offense under the DUI statute in order to replace the provisions that the public act eliminated from the reckless homicide statute. The court noted that the offense under the DUI statute provides for the exact same penalties as the former offense of reckless homicide while under the influence of alcohol or any other drug. The court found it to be clear that in enacting Public Act 93–213, the General Assembly never intended to mitigate the punishment for those who drive under the

influence of alcohol or drugs and cause the death of another. *People v. Martinez*, 371 Ill. App. 3d at 373-74.

The recent case of *People v. Lush*, 372 Ill. App. 3d 629 (2007), also involved defendant's claim that the trial court violated her due process rights by failing to advise her of the option of receiving a sentence under the more favorable reckless homicide statute that was in effect at the time of her sentencing. The court reviewed section 9–3(e) of the reckless homicide statute, which was in effect at the time of defendant's offense, Public Act 93–213, and the amendments to the aggravated DUI statute. The court then quoted at length from *Martinez* and concluded:

> "We agree with the holding and reasoning of *Martinez*. We thus hold that Public Act 93–213 resulted in substantive changes to the reckless-homicide statute. Accordingly, we conclude that defendant was not entitled to elect to be sentenced under section 9–3(d)(2) of the Criminal Code [citation], the more favorable reckless-homicide sentencing provision created by Public Act 93–213." *People v. Lush*, 372 Ill. App. 3d at 638.

Another recent case involving the same issue and statutes is *People v. Calhoun*, 377 Ill. App. 3d 662 (2007). The *Calhoun* court stated: "We find no reason to depart from the reasoning or conclusion drawn in *Martinez* or *Lush* and likewise find that, based on the substantive changes made to the reckless homicide statute, defendant was not entitled to choose under which statute he would like to be sentenced." *People v. Calhoun*, 377 Ill. App. 3d at 665.

As we noted earlier, neither *Malin* nor the court below discussed or examined whether the "change" in the reckless homicide statute was a substantive change, a procedural change or a mitigation of sentence. *Hollins*, which involved a sentencing procedure, was cited in *Malin* and by the appellate court below as the authority for giving the defendant the option to choose the statute under which he would be sentenced. The changes made by Public Act 93–213 are not, however, changes in sentencing procedures. The changes recharacterized the conduct that had been reckless homicide while under the influence of drugs or alcohol as aggravated driving while under the influence, and retained the sentencing structure of 3 to 14 years' imprisonment. We agree with the conclusion of the *Martinez*

court that "it is clear that in enacting Public Act 93–213, the Illinois General Assembly never intended for the punishment to be any less stringent for those who, like defendant, drive under the influence of alcohol or drugs and cause death." *People v. Martinez*, 371 Ill. 3d at 374.

Defendant agrees that the General Assembly probably did not intend to make a reduced sentence available to defendant. He contends, however, that the General Assembly could have included a savings clause in the Public Act 93–213 that would have made the Act applicable only to persons who committed their offenses after its effective date. We have held, however, that section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2004)) is a general savings clause for substantive changes to statutes. *People v. Glisson*, 202 Ill. 2d 499 (2002) (the repeal of a statute that decriminalized conduct without providing a specific saving clause was substantive and did not preclude conviction for conduct which occurred while the statute was in effect).

We hold that Public Act 93–213 resulted in substantive changes to the reckless homicide statute and was not merely a mitigation of the sentence for reckless homicide. See *People v. Martinez*, 371 Ill. App. 3d 363 (2007); *People v. Lush*, 372 Ill. App. 3d 629 (2007); *People v. Calhoun*, 377 Ill. App. 3d 662 (2007). Accordingly, defendant was not entitled to elect to be sentenced under the reckless homicide statute as it existed at the time of his sentencing and the trial court properly sentenced him under the reckless homicide statute as it existed at the time of the offense. *People v. Glisson*, 202 Ill. 2d 499 (2002); *People v. Bilderback*, 9 Ill. 2d 175 (1956). The judgment of the appellate court vacating the defendant's 14-year sentence under section 9–3(e) of the reckless homicide statute, as it existed at the time of the offense, is reversed and the 14-year sentence imposed by the trial court is affirmed.

Because we hold that the trial court properly sentenced defendant under section 9–3(e) of the reckless homicide statute as it existed at the time of the offense, it is unnecessary to discuss that part of the appellate court opinion and judgment that remanded the cause to the trial court for sentencing under the aggravated DUI statute as it existed at the time of the offense. Therefore, that part of the appellate court judgment is reversed. The remainder of the appellate court

judgment affirmed the remainder of the trial court judgment. We affirm this part of the appellate court judgment.

For the reasons set forth above, the judgment of the appellate court is affirmed in part and reversed in part, and the judgment of the circuit court is affirmed.

*Appellate court judgment affirmed in part*
*and reversed in part;*
*circuit court judgment affirmed.*

-10-