THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEVYN J. MOORE, Defendant-Appellant.

Second District    No. 2—07—1270

Opinion filed September 8, 2009.

Thomas A. Lilien and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Following a jury trial in the circuit court of Lake County, defendant, Devyn J. Moore, was convicted of unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 2006)) and aggravated unlawful use of a weapon (720 ILCS 5/24—1.6(a)(1) (West 2006)). He was sentenced to concurrent four-year prison terms. We affirm defendant's conviction of aggravated unlawful use of a weapon and vacate his conviction of unlawful possession of a weapon by a felon.

Evidence admitted at trial established that at 11:30 p.m. on August 16, 2007, Waukegan police officer David Mahoney observed Jerry Lee, Chad Prestwood, and defendant sitting on the porch of a house at 543 Water Street. Mahoney observed a handgun lying on the ground near the porch. It was later determined that the gun was loaded. Mahoney asked who lived at the house. The trio indicated that someone named George lived there. Defendant and his companions were arrested. The State presented evidence that, while in custody, defendant told police that he kept the gun for protection. Defendant had previously been convicted of criminal damage to state-supported property, a felony.

Defendant testified that he had never handled the gun and that the gun belonged to Lee. On cross-examination, defendant testified that he lived at 909 Glen Rock in Waukegan. On the evening of his arrest, he met with Prestwood, and the pair took a walk. They encountered Lee, who was driving a red sport utility vehicle (SUV). Lee picked up defendant and Prestwood and dropped them off in front of a house. When asked by the prosecutor whether he was dropped off at 543 Water Street, defendant responded that he did not know the address. Lee indicated that he was going to take the SUV home and then rejoin defendant and Prestwood. Lee also indicated that someone named George lived at the house. After Lee drove off, defendant and Prestwood waited by the house. Lee returned a few minutes later and the three men walked up to the house. Sometime later, as they were sitting on the porch, the police arrived.

On appeal, defendant argues that under the one-act, one-crime rule (see generally *People v. King*, 66 Ill. 2d 551 (1977)), his conviction of aggravated unlawful use of a weapon must be vacated. Alternatively, he argues that the State failed to prove him guilty of that offense beyond a reasonable doubt. The State agrees that only one of defendant's convictions may stand. However, the State maintains that it is the conviction of unlawful possession of a weapon by a felon that must be vacated. The State further argues that the evidence is sufficient to sustain defendant's conviction of aggravated unlawful use of a weapon.

■ We first consider defendant's challenge to the sufficiency of the evidence to sustain his conviction of aggravated unlawful use of a weapon. A reviewing court will not set aside a criminal conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). When we review a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.' " (Emphasis in original.) *Collins*, 106 Ill. 2d at 261, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). "Circumstantial evidence is sufficient to sustain a criminal conviction, provided that such evidence satisfies proof beyond a reasonable doubt of the elements of the crime charged." *People v. Hall*, 194 Ill. 2d 305, 330 (2000). Circumstantial evidence is "proof of certain facts and circumstances from which the fact finder may infer other connected facts which usually and reasonably follow from the human experience and is not limited to facts that may reasonably have alternative, innocent explanations." *People v. Diaz*, 377 Ill. App. 3d 339, 345 (2007).

A conviction of aggravated unlawful use of a weapon requires, as charged in this case, proof that the accused knowingly carried "on or about his or her person *** *except when on his or her land* *** any pistol, revolver, stun gun or taser or other firearm" (emphasis added) (720 ILCS 5/24—1.6(a)(1) (West 2006)) and that the firearm "was uncased, loaded and immediately accessible at the time of the offense" (720 ILCS 5/24—1.6(a)(3)(A) (West 2006)). Defendant does not argue that the State failed to prove that he knowingly carried a weapon "on or about" his person or that the weapon was loaded, uncased, and accessible. Rather, defendant argues that there was insufficient evidence that he was not on his land at the time. To the contrary, there was overwhelming circumstantial evidence that defendant was not the owner of the property in question.

The State supplied testimony establishing that someone named George resided at the Water Street house where defendant was arrested and that defendant dwelt elsewhere. However, defendant argues that "dwelling at a place *** does not shed any light on ownership interest by a person of other property." We understand defendant's argument to be that, even though he did not live at the Water Street house, he still could have had an ownership interest in that property.

It is a matter of common experience that single-family dwellings such as houses are, more often than not, owner-occupied. Less commonly, people dwell in rented houses or in houses owned, but not occupied, by others. However, if defendant did own the Water Street house, one would surely expect him to know the address of the property even if he did not reside there. Yet, on cross-examination, after testifying that Lee dropped him off in front of the house where he was later arrested, defendant indicated that he did not know the address of the house. In light of this testimony (which defendant conveniently ignores in his brief), it is practically inconceivable that defendant owned the Water Street house. We note that, "in weighing evidence, the trier of fact is not required to disregard inferences which

flow normally from the evidence before it, nor need it search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." *People v. Jackson*, 232 Ill. 2d 246, 281 (2009).

■ We next consider whether defendant's conviction of aggravated unlawful use of a weapon must be vacated under the one-act, one-crime rule. As noted, the State agrees with defendant that only one conviction may stand. However, the State contends that it is the conviction of unlawful possession of a weapon by a felon that must be vacated. "When a defendant is convicted of two offenses based upon the same single physical act, the court must vacate the less serious offense." *People v. Johnson*, 387 Ill. App. 3d 780, 793 (2009), *appeal allowed*, 231 Ill. 2d 677 (2009). The salient question, therefore, is whether aggravated unlawful use of a weapon is a more serious offense than unlawful possession of a weapon by a felon.

Section 24—1.1(a) of the Criminal Code of 1961 provides, in pertinent part, that "[i]t is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any *** firearm *** if the person has been convicted of a felony." 720 ILCS 5/24—1.1(a) (West 2006). Unlawful possession of a weapon by a felon is "a Class 3 felony for which the [offender], if sentenced to a term of imprisonment, shall be sentenced to no less than 2 years and no more than 10 years." 720 ILCS 5/24—1.1(e) (West 2006). As a result of defendant's prior felony conviction, aggravated unlawful use of a weapon is enhanced to "a Class 2 felony for which the [offender] shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years." 720 ILCS 5/24—1.6(d) (West 2006). Because unlawful possession of a weapon by a felon is a Class 3 felony, a prison term for that offense will be followed by a one-year term of mandatory supervised release (MSR). 730 ILCS 5/5—8—1(d)(3) (West 2006). In contrast, a Class 2 felony conviction of aggravated unlawful use of a weapon carries a two-year term of MSR. 730 ILCS 5/5—8—1(d)(2) (West 2006). Defendant argues that unlawful possession of a weapon by a felon is the more serious offense because the maximum sentence is 10 years, whereas the maximum sentence for aggravated unlawful use of a weapon is only 7 years. The State argues that aggravated unlawful use of a weapon, here a Class 2 felony, is more serious than unlawful possession of a weapon by a felon, a Class 3 felony.

In *People v. Gancarz*, 369 Ill. App. 3d 154 (2006), *aff'd in part & rev'd in part on other grounds*, 228 Ill. 2d 312 (2008), a divided panel of this court held that in "the odd situation in which the offense with a higher classification is punishable by a less severe penalty" (*Gan-*

*carz,* 369 Ill. App. 3d at 179-80), the maximum sentence for each offense—not its class—is "the dispositive factor in determining their relative seriousness for one-act, one-crime purposes" (*Gancarz,* 369 Ill. App. 3d at 180). In *People v. Martinez,* 386 Ill. App. 3d 153 (2008), it was held that unlawful possession of a weapon by a felon is more serious than aggravated unlawful use of a weapon, because the former offense "carries a greater range of sentence" than the latter. *Martinez,* 386 Ill. App. 3d at 166.

More recently, however, in *Johnson,* the Third District engaged in a more thorough analysis of the comparative seriousness of the two offenses at issue here. The *Johnson* court initially observed that, "[a]s our supreme court expressed in [*People v. Lee,* 213 Ill. 2d 228 (2004)], common sense indicates that the legislature will provide a greater punishment for the crime it deems to be more serious." *Johnson,* 387 Ill. App. 3d at 793. After reviewing the possible penalties for each offense, the *Johnson* court stated:

> "[W]e conclude that [unlawful possession of a weapon by a felon] *** is the less serious offense and should be vacated. [Unlawful possession of a weapon by a felon] was given a lower felony classification by the legislature, was made a probationable offense by the legislature, and was made subject to a shorter period of MSR by the legislature's classification of it as a Class 3 felony. [Citations.] By contrast, [aggravated unlawful use of a weapon charged as a Class 2 felony] was given a higher felony classification by the legislature, was made a nonprobationable offense, was given a higher minimum sentence of imprisonment, and was made subject to a longer period of MSR. [Citations.] Since both of the offenses involved arise from the commission of the same single physical act, defendant's conviction and sentence for the less serious offense, [unlawful possession of a weapon by a felon], must be vacated." *Johnson,* 387 Ill. App. 3d at 793-94.

The *Johnson* court declined to follow *Martinez.* While acknowledging *Gancarz's* statement that the inquiry into the comparative seriousness of offenses should focus on the maximum punishment for each offense rather than its classification, the *Johnson* court refused to adopt the statement as a categorical rule. Instead, the *Johnson* court offered the following analysis:

> "Ultimately, a court *** must determine from the legislative intent which offense the legislature deemed to be more serious. [Citation.] In our opinion, the clearest indication of the legislature's intent regarding the seriousness of the offense is the classification level assigned to the offense by the legislature. This is not a deviation from the commonsense rule set forth in *Lee* since, generally speaking, each higher level of offense has a higher sentencing range

attached to it. [Citation.] A court, obviously, will have to go beyond that point when the two offenses involved in the inquiry have the same classification level. Under such circumstances, a court should carefully consider all indications of the legislature's intent, not merely the portion of the statute that sets forth the maximum term of imprisonment. Such factors as the minimum and maximum sentences available and whether the offense is probational or nonprobationable should be considered." *Johnson*, 387 Ill. App. 3d at 794-95.

We find this approach to be more sound than an approach focusing solely on the maximum sentence for an offense. To the extent that *Gancarz* holds that that single parameter is invariably determinative, we decline to apply *Gancarz's* holding in this case. Rather, we agree with the *Johnson* court that aggravated unlawful use of a weapon, when enhanced to a Class 2 felony based on a prior felony conviction, is a more serious offense than unlawful possession of a weapon by a felon.

We note that comparison of the elements of the two offenses supports the result in *Johnson*. In contrast to unlawful possession of a weapon by a felon, aggravated unlawful use of a weapon requires proof that the offender was not on his or her land. Felons who carry weapons while away from their own property present a greater general threat to public safety than those in possession of weapons while on their property. Additionally, the fact that aggravated unlawful use of a weapon charged as a Class 2 felony is nonprobationable suggests that, by removing the opportunity to avoid imprisonment, the legislature considered it the more serious offense. *Johnson*, 387 Ill. App. 3d at 794.

Accordingly, unlawful possession of a weapon by a felon is the less serious of the two offenses that defendant was found guilty of committing. His conviction of that offense must be vacated.

For the foregoing reasons, we affirm defendant's conviction of aggravated unlawful use of a weapon. We vacate defendant's conviction of unlawful possession of a weapon by a felon.

Affirmed in part and vacated in part.

BURKE and HUDSON, JJ., concur.