THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY CRISS, Defendant-Appellant.

First District (3rd Division)   No. 85—3576

Opinion filed May 4, 1988.

Paul P. Biebel, Jr., Public Defender, of Chicago (Janet R. Stewart, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Bonnie Meyer Sloan, and Dennis Michael Foley, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Anthony Criss, was charged with two counts of home invasion, four counts of armed robbery, and one count of theft and residential burglary. He filed a motion to quash his arrest and to sup-

press evidence which was denied following an evidentiary hearing. After the State presented its case during the bench trial, defendant filed a motion for a directed finding which was granted as to two armed robbery counts. At the conclusion of the trial, defendant was convicted of the two remaining armed robbery counts and home invasion and one count of residential burglary. Subsequently, he was sentenced to concurrent terms of 10 years for home invasion, 15 years for armed robbery and six years for residential burglary. The court ordered that the theft conviction merged with the residential burglary conviction. On appeal, defendant contends that the trial court erroneously denied his motion to quash his arrest and suppress evidence, admitted improper evidence and convicted and sentenced him on multiple counts of home invasion and armed robbery.

Maria Hirsch, one of the complainants, testified that on July 30, 1984, she and Frank Owens resided in the first-floor apartment of the building located at 6758 South Clyde in Chicago. At 9:30 p.m. Hirsch was waiting for Owens on the rear stairway to the building when defendant emerged from their apartment, carrying Owen's guitar case and stereo receiver, which defendant placed in the trunk of a car parked in the alley. Hirsch then entered the apartment and observed a man pointing a gun at Owens, Octavious Osborn and Rhonda Davidson, who lay on the floor with their hands bound behind their backs. Defendant, who was armed with a gun, then entered the apartment behind Hirsch and forced her on the floor, kicked her in the stomach and face and placed her with the other captives. Thirty minutes later, when the offenders left, Owens called police. Hirsch described defendant as a medium-complected black man who was 5 feet 11 inches tall, weighed 160 pounds, had "some but not quite" facial hair, black hair, brown eyes and carried a short-barrelled gun.

On August 9, 1985, officers transported Hirsch and Owens to a police station to view a five-man lineup which included defendant. Hirsch and Owens then identified defendant as one of their assailants. Hirsch denied that she had given defendant authority to enter her apartment or to remove her property.

Detective James Swistowicz testified that on August 8, 1984, he met with Mark Hampton and Frank Owens at the scene of the crime. Hampton then told the detective that he resided in an apartment building located at 7258 South Yates. There, he heard defendant and an unknown black man discuss "ripping off some furs." Later, Hampton visited Janet Moore, defendant's girlfriend, who lived in the same building.

Hampton observed a guitar case owned by Owens in Moore's apartment. He also told the detective that defendant often stayed at the apartment. Hampton described defendant as a light-complected black man, 5 feet 11 inches, 170 pounds, with a thin mustache and "kind of a thin beard-goatee."

On August 9, 1984, Detective Swistowicz knocked on the door to Janet Moore's apartment. Moore opened the door, identified herself, stepped outside the apartment and closed the door behind her. Detective Swistowicz stated why he was there and asked if he could talk with Moore. When she agreed, and turned to open the door, Moore discovered that it was locked. She then knocked on the door, and defendant, who was inside the apartment, opened the door. When the detective asked defendant his name, the latter identified himself. Detective Swistowicz then placed defendant under arrest, searched him and recovered five pawnshop tickets from his pockets.

The State and defendant then entered a stipulation that Detective Swistowicz and Frank Owens took the pawn tickets to pawnshops where they redeemed a "Gene Simmons Ax guitar" and gold bracelet that Owens identified as having been taken from his apartment during the offense. On August 9, 1984, Detective Swistowicz and his partner Detective George Carey conducted a five-man lineup in which defendant participated. Maria Hirsch and Frank Owens separately viewed the lineup and identified defendant as one of their assailants. On the following day, Rhonda Davidson viewed the lineup and also identified defendant as one of her assailants.

Frank Owens testified that he was a musician and that at 7:30 p.m. on July 30, 1984, he stepped outside his apartment and encountered two known gunmen, one of whom was defendant. The offenders placed their guns to Owen's stomach and ordered, "Don't move Frank," then forced him into the apartment. Defendant's accomplice searched the apartment to determine that no one else was present. Both offenders then forced Owens into his "recording room" where he kept musical equipment and demanded that Owens identify the most valuable property. Defendant then struck Owens with his pistol, forced him to the floor, bound his hands, stated "Don't try nothing because the 357 will blow your head off," and removed equipment from the apartment. Next, Owens heard Maria Hirsch's voice. She then struggled with the offenders, who forced her on to the floor next to Owens. Shortly thereafter, Octavious Osborn and Rhonda Davidson, musicians who had come to the apartment, were forced to the floor with Hirsch and Owens. After an hour the offenders fled, having taken three guitars, a stereo system, two color televisions, a

video camera, half of a drum machine, microphone, video tapes, fur coats, and "smaller things."

At 2:05 a.m. on August 9, 1984, Owens identified defendant as his assailant in a five-man lineup. Later that day, Owens accompanied police to pawnshops where he recovered his Gene Simmons guitar and a gold bracelet that had been taken during the incident.

The testimony of Leo Carter and Dina Thomas was substantially similar. Carter testified that on June 16, 1984, he attended defendant's birthday party, that Frank Owens was also there, and that the latter was ejected when he tried to sell narcotics. Carter also stated that from 8 p.m. until midnight on July 30, 1984, he played cards and watched television with defendant, Thomas and Betty Davis. Thomas, who was engaged to defendant, added that she hosted defendant's party at her residence on June 16, 1984, and that Owens and Mark Hampton arrived there at 11 p.m. Also from 8:30 p.m. until 11:30 p.m., Thomas, Carter, defendant and other friends played cards at the Thomas apartment.

■■■ We shall first consider defendant's contention that police lacked probable cause to arrest him. The trial court's finding of probable cause will not be disturbed on appeal unless manifestly erroneous. (*People v. Jones* (1983), 119 Ill. App. 3d 615, 623, 456 N.E.2d 926.) Probable cause to arrest exists where the facts and circumstances known to the arresting officer are sufficient to warrant a man of reasonable caution to believe that an offense has been committed and that the person arrested committed the offense. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 166, 445 N.E.2d 766.) Police officers may rely on the tip of a private citizen without independent verification or examination of his reliability. (*People v. Spencer* (1982), 107 Ill. App. 3d 835, 838, 438 N.E.2d 603.) If an offender has committed a serious violent offense, is reasonably likely to be armed, and has a violent disposition, these factors will militate against the necessity of compliance with the warrant requirement and will serve to justify a prompt in-house arrest. *People v. Cobb* (1983), 97 Ill. 2d 465, 484, 455 N.E.2d 31.

■ In the instant matter, at the time of arrest police officers had been informed that defendant was one of two gunmen who accosted Frank Owens as he stepped from his apartment, forced Owens to return inside the apartment, struck him with a pistol, bound him and held him captive. When Octavious Osborn, Rhonda Davidson and Maria Hirsch entered the apartment, defendant and his accomplice bound them, kicked Hirsch, and held them with Owens. The offenders then removed various items of property from the

apartment. During the hour over which the incident transpired, Hirsch and Owens viewed their assailants, whom they described to law enforcement officials. Several days after the incident, Detective Swistowicz spoke with Owens and Mark Hampton. The latter informed the detective that he had heard defendant and an unknown man discuss a theft of "furs", that defendant's girlfriend, Janet Moore, lived in Hampton's apartment building, that defendant sometimes stayed in the apartment, and that Hampton had seen Owen's guitar case in the apartment. When the detective went to Moore's apartment, defendant, who was there, identified himself. The detective then arrested defendant. At the time of the arrest, the detective knew that crimes had been committed; he also had a description of defendant from complainants and Mark Hampton. The latter had also told the detective of defendant's conversation which Hampton had overheard, that Owen's guitar case was in Moore's apartment and that Moore was defendant's girlfriend. Although the foregoing facts were insufficient to convict defendant, they did provide Detective Swistowicz with reasonable suspicion that defendant had been involved in the crime. A serious violent crime had occurred. The policemen's entry into Moore's apartment was consensual. Under the circumstances we do not believe that the trial court's finding that there was probable cause to arrest defendant was manifestly erroneous.

■ Defendant also maintains that the trial court's admission of three pawn tickets that were unrelated to the instant offense into evidence denied his right to a fair trial. It is well settled that the failure of a defendant to object or present an issue in a post-trial motion results in a waiver of that issue for purposes of review before this court. (*People v. Brownell* (1984), 123 Ill. App. 3d 307, 310, 462 N.E.2d 936.) We note that during trial proceedings defendant failed to object to testimony regarding pawnshop tickets recovered from him during a search by Detective Swistowicz. Additionally, defense counsel interrupted the detective's testimony to enter a stipulation as to the redemption of two of the five tickets. Further, during cross-examination counsel extensively questioned the witnesses regarding the three pawn tickets which defendant now claims were improperly admitted. Under the circumstances we believe defendant's contention is waived.

■ Finally, defendant asserts that the trial court improperly sentenced him to two counts of home invasion and armed robbery when only one home was invaded and property was taken from only one complainant. The plain meaning of the home invasion statute (Ill. Rev. Stat. 1985, ch. 38, par. 12—11) is that one count of home inva-

sion occurs as a result of one unauthorized entry of one person's dwelling regardless of the number of persons present or harmed. (*People v. Ammons* (1984), 120 Ill. App. 3d 855, 861, 458 N.E.2d 1031.) Furthermore, robbery occurs when the offender takes property from the person or presence of another by the use of force or by threatening the imminent use of force. Ill. Rev. Stat. 1985, ch. 38, par. 18—1(a).

Here, the evidence established that defendant forcibly entered the apartment of Frank Owens and Maria Hirsch and removed property owned by Owens. Although during the course of the offense defendant carried the stolen goods to his car and reentered the apartment, the entries to remove the property were part of the initial wrongful entry. Further, since the State established that property taken was owned by Owens, there was one armed robbery, even though Hirsch also lived at the apartment. Therefore, defendant's convictions for one count of home invasion and one count of armed robbery must be vacated. His remaining convictions for home invasion, armed robbery, and residential burglary must stand. Further, because we believe that sentencing may have been influenced by the multiple counts of the offenses for which defendant was convicted, we remand the cause for resentencing. *People v. Morrison* (1985), 137 Ill. App. 3d 171, 178, 484 N.E.2d 329.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed as to defendant's convictions for one count of home invasion, armed robbery and residential burglary; the remaining convictions are vacated and the cause is remanded for resentencing.

Judgment affirmed in part, vacated in part and cause remanded.

WHITE, P.J., and McNAMARA, J., concur.