(No. 82979.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOEY HICKS, Appellant.

*Opinion filed March 26, 1998.*

542

BILANDIC, J., joined by HARRISON, J., dissenting.

G. Joseph Weller, Deputy Defender, and Paul Alexander Rogers, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

James E. Ryan, Attorney General, of Springfield, and David R. Akemann, State's Attorney, of St. Charles (Barbara A. Preiner, Solicitor General, and William L.

Browers and Bridget L. Field, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Joey Hicks, was charged by indictment with two counts of home invasion. 720 ILCS 5/12—11 (West 1992). Following a jury trial, defendant was found guilty on both counts and sentenced to a single six-year term of imprisonment. The appellate court affirmed defendant's conviction and remanded the cause to the trial court for the entry of an additional sentence because the trial court failed to sentence defendant on the second conviction. 286 Ill. App. 3d 588. We granted defendant's petition for leave to appeal (166 Ill. 2d R. 315), and now reverse the decision of the appellate court.

## BACKGROUND

The details which led to defendant's arrest and conviction are fully set forth in the appellate court's opinion. See 286 Ill. App. 3d 588. However, we will summarize the relevant facts necessary to dispose of the issue presented. According to trial testimony, defendant and a friend, John Davis, pursued Michael Stewart, who had allegedly just stolen a necklace from defendant's girlfriend, Donna Hedge. Stewart rode his bike to the home of a friend, David Edmonds, entered the house, and locked the door. Defendant, Davis, and Hedge, having followed Stewart, demanded that Stewart come out of the house. When Stewart refused to come out, defendant and Davis began kicking and pushing on the door, eventually forcing their way inside. Once inside, Edmonds asked defendant and Davis to leave. Defendant then threw Stewart into a bedroom and battered him while Davis battered Edmonds in the next room.

Subsequent to his arrest, defendant was charged with two counts of home invasion. Both counts were

based on his unauthorized entry into Edmonds' home. Count I of the indictment was based on Davis' infliction of injuries on Edmonds, and count II was based on defendant's infliction of injuries on Stewart.

The jury found defendant guilty of both counts of home invasion and the trial judge entered judgments on the convictions. The trial judge sentenced defendant to a single six-year term of imprisonment. However, the trial court did not specify for which count the sentence was being imposed. On appeal, the appellate court affirmed both convictions and remanded the cause for the imposition of an additional sentence because there were two convictions but only one sentence. 286 Ill. App. 3d at 596. One justice dissented, however, stating that only one conviction for home invasion should stand because defendant's and Davis' conduct constituted only one entry for the purpose of the home invasion statute. 286 Ill. App. 3d at 596-97 (Geiger, P.J., concurring in part and dissenting in part).

## ANALYSIS

The sole question presented for review in this case is whether defendant can be convicted of two counts of home invasion where one count was based on his own entry and the other count was based on his accomplice's simultaneous entry into the home. For the reasons expressed below, we hold that defendant can be convicted of only one entry and, therefore, one count of his home invasion conviction must be vacated.

We note that, initially, the State argues that defendant has waived this issue for review because he failed to object at trial and to include this issue in his post-trial motion. Issues not raised at trial and not presented in a written post-trial motion are ordinarily deemed waived on review. *People v. Enoch*, 122 Ill. 2d 176 (1988). However, issues concerning substantial rights may be considered by a reviewing court even if not properly

preserved in the trial court. 134 Ill. 2d R. 615(a); *People v. Brandon*, 162 Ill. 2d 450, 457-58 (1994). The imposition of an unauthorized sentence affects substantial rights. See *People v. Brown*, 197 Ill. App. 3d 907 (1990). Furthermore, we note that the waiver rule is a rule of administrative convenience rather than jurisdiction, and the goals of obtaining a just result and maintaining a sound body of precedent may sometimes override considerations of waiver. *People v. Farmer*, 165 Ill. 2d 194, 200 (1995). Consequently, we will address the merits of defendant's claim.

Simply put, the defendant asks that we answer the following question: When two or more individuals simultaneously enter a residence, how many unlawful entries are there within the meaning of the home invasion statute? The elements of home invasion include: (1) an unauthorized entry into the dwelling of another where the defendant knows or has reason to know that one or more persons are present; and (2) defendant intentionally causes injury or while armed with a dangerous weapon, defendant uses or threatens force upon any persons within the dwelling. See 720 ILCS 5/5—2 (West 1992).

The appellate court in this case held that defendant's convictions for home invasion must stand because "[d]efendant and Davis each committed a home invasion; each of them entered a dwelling and caused injury to a person within the dwelling. Defendant was convicted of one count of home invasion based on his attack on Stewart and another count based on his accountability for Davis' attack on Edmonds." 286 Ill. App. 3d at 595. The court concluded that both of defendant's convictions were based on two different entries, and thus the one act, one crime rule was not implicated. 286 Ill. App. 3d at 596.

We note that the First District of the appellate court

in *People v. Brown*, 197 Ill. App. 3d 907 (1990), has decided the same issue as is presented in the case *sub judice*. In *Brown*, the defendant was a guest in the victim's home when defendant allowed two men to enter into the victim's apartment in order to rob the victim. Defendant was charged and convicted of two counts of home invasion based on her accomplices' unauthorized entries into the victim's home. The State argued that the incident involved separate actions performed by two different offenders, and that defendant must be held accountable for the actions of both men. The appellate court disagreed, noting that the home invasion statute had been interpreted to reflect the legislative intent to impose only one count of home invasion for one unlawful entry of one dwelling. Specifically, the court stated:

"Accordingly, had each of the men involved in the incident in the present case been charged, tried and convicted, each man would only have been convicted of one count of home invasion since each man made only one unlawful entry into the apartment. The State argues that defendant can be convicted on a separate count for each man. We disagree. Accountability is a legal theory whereby a defendant is held responsible for a crime which he personally did not commit, but which was committed by his accomplice. (*People v. Skiles* (1983), 115 Ill. App. 3d 816, 825, 450 N.E.2d 1212.) If the law places upon the accountable defendant all the liabilities arising from the acts of the accomplice, the law should also afford the accountable defendant the protections which would be afforded the accomplice, since the accountable defendant stands in the shoes of the accomplice. (*People v. Skiles*, 115 Ill. App. 3d at 826.) In *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, the supreme court prohibited multiple convictions where more than one offense was carved from the same physical act. Because each of defendant's accomplices in the instant case made only one unlawful entry into complainant's apartment, each could have been convicted of only one count of home invasion. Recognizing that defendant has the same protections provided under *People v.*

*King*, (66 Ill. 2d 551, 363 N.E.2d 838) as do her accomplices, defendant cannot be convicted of two counts of home invasion." *Brown*, 197 Ill. App. 3d at 919.

The appellate court in this case expressly declined to follow *Brown* because it was based on "flawed reasoning and incorrect assumptions." 286 Ill. App. 3d at 596. The court stated that in *Brown*, as in the case *sub judice*, each entrant could have been convicted of one count of home invasion based on his own entry and an additional count based on his accountability for the other person's entry. We disagree.

The accountability statute states in relevant part:

"A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5—2, or both." 720 ILCS 5/5—1 (West 1992).

"A person is legally accountable for the conduct of another when:

* * *

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." 720 ILCS 5/5—2 (West 1992).

A charge based on accountability must necessarily flow from the principal crime at issue. *People v. Stanciel*, 153 Ill. 2d 218, 233 (1992). Accountability is not in and of itself a crime. Rather, the statute is a mechanism through which a criminal conviction may be reached. *Stanciel*, 153 Ill. 2d at 233. In essence, accountability provides an alternative basis of liability, not an additional basis for liability. Once a defendant's guilt as a *principal* has been established through his own conduct or behavior, there is no longer any need to base a conviction for the same crime on the doctrine of accountability. We do not believe that the legislature intended to convict a defendant as a principal and an accomplice for the

same crime. Therefore, we affirm the holding and reasoning set forth in *Brown*.

This court had the opportunity to interpret the home invasion statute regarding a similar issue in *People v. Cole*, 172 Ill. 2d 85 (1996). In *Cole*, the defendant was charged and convicted of two counts of home invasion, both stemming from his entry into one of the victims' home. One count of home invasion was based on the infliction of injuries on one victim and an additional count was based on the infliction of injuries on a second victim. We held that the home invasion statute will support only a single conviction, regardless of the number of persons present or harmed. See *People v. Sims*, 167 Ill. 2d 483 (1995); see also *People v. Ammons*, 120 Ill. App. 3d 855 (1983); *People v. Parker*, 166 Ill. App. 3d 123 (1988); *People v. Yarbrough*, 156 Ill. App. 3d 643 (1987); *People v. Smith*, 275 Ill. App. 3d 207 (1995); *People v. Criss*, 169 Ill. App. 3d 926 (1988); *People v. Triplett*, 138 Ill. App. 3d 1070 (1985).

It is evident that under the reasoning in *Cole*, defendant here could only be convicted of one count of home invasion, although there were two persons present in the home. The appellate court in the instant case, however, declared that the rule set forth in *Cole* does not apply to defendant because he and Davis both entered the residence; each entry was a separate and distinct entry. In *Cole*, there was only one assailant, thus one entry. 286 Ill. App. 3d at 595.

We do not believe that rule set forth in *Cole* was intended to be read so narrowly. In fact, we have held that only one conviction can stand for one entry even where there have been multiple defendants. For example, in *People v. Sims*, 167 Ill. 2d 483 (1995), the defendants were convicted of two counts of home invasion. The defendant and codefendant entered a dwelling, where the defendant knocked one victim uncon-

scious with a brick. The codefendant stabbed another victim and then stabbed the unconscious victim. Defendant's convictions were based on his entry and his threatened use of force against each victim. The State conceded that one of defendant's home invasion convictions must be vacated because the evidence had proved only one illegal entry. Although *Sims* couched its holding in terms of the rule barring multiple counts for multiple victims, we believe the holding implies that multiple counts are equally barred where there are multiple entrants. Otherwise, each defendant in *Sims* would have been accountable for his own and the other's entry, and the two home invasion convictions would have been sustained. See *Ammons*, 120 Ill. App. 3d at 861; *Criss*, 169 Ill. App. 3d at 931-32; *Triplett*, 138 Ill. App. 3d at 1074.

The State argues that permitting additional convictions based on additional separate entries into a home is appropriate because the potential for danger increases as the number of assailants increases. However, the State ignores the purpose of the home invasion statute, which is to protect the safety of persons in their homes. If the number of persons present in a home does not increase the number of convictions, we do not believe that the number of entrants into a home provides a valid basis for increasing the number of convictions. Accordingly, we hold that the defendant in the instant case can only be convicted of one count of home invasion based on his own entry into Edmonds' home. Because defendant can only be convicted for his own entry into the home, his multiple convictions also violated the one-act, one-crime rule set forth in *King*.

For the foregoing reasons, we vacate one of defendant's home invasion convictions and reverse the judgment of the appellate court. In view of the fact that six years is the minimum sentence for the offense of home

550

invasion (see 720 ILCS 5/12—11(c) (West 1992); 730 ILCS 5/5—8—1(a)(3) (West 1992)), we find it unnecessary to remand this cause for resentencing.

*Appellate court judgment reversed;*
*circuit court judgment affirmed*
*in part and reversed in part.*

JUSTICE BILANDIC, dissenting:

The only issue in this appeal is whether defendant's two convictions for home invasion can stand. I would hold that they can.

The State's evidence showed that defendant and his accomplice forced their way inside a home. Once inside, defendant beat a person named Stewart while the accomplice beat another person named Edmonds. The jury convicted defendant of one count of home invasion for his entry and beating of Stewart. The jury also convicted defendant of a second count of home invasion based on his accountability for his accomplice's entry and beating of Edmonds.

As the majority correctly notes, the offense of home invasion includes the following elements: (1) an unauthorized entry into the dwelling of another where the defendant knows or has reason to know that one or more persons are present; and (2) the defendant intentionally causes injury or, while armed with a dangerous weapon, the defendant uses or threatens force upon any persons within the dwelling. The facts of the present case warrant two convictions for home invasion. Defendant is responsible for his own unlawful entry and his beating of Stewart. Defendant is also legally responsible for his accomplice's unlawful entry and beating of Edmonds. The one act, one crime rule is not implicated under these circumstances because the two offenses are carved from wholly different physical acts. See *People v. King*, 66 Ill. 2d 551, 566 (1977) (holding that no more than one offense can be carved from the same physical act).

The majority relies upon *People v. Cole*, 172 Ill. 2d 85 (1996), and *People v. Sims*, 167 Ill. 2d 483 (1995), in support of its conclusion that defendant's second conviction for home invasion is prohibited. Those cases, however, are distinguishable from the present case.

*Cole* established the rule that where one defendant unlawfully enters a home and intentionally causes injury to two or more persons inside the home, that defendant has committed only one act of home invasion because there was only one entry. *Cole*, 172 Ill. 2d at 101-02. In *Cole*, there was only one defendant and, thus, only one entry. The *Cole* rule has no application here, where there was more than one entry. Defendant was convicted of one count of home invasion for his illegal entry and beating of Stewart. He was convicted of his second count of home invasion based upon his accountability for his accomplice's illegal entry and beating of Edmonds.

The majority's reliance on *Sims* is also unavailing. In *Sims*, the defendant and his accomplice unlawfully entered a home and, once inside, two deaths resulted. *Sims*, 167 Ill. 2d at 491, 523. Although the facts in *Sims* may be considered similar to the facts of this case, *Sims* is inapposite nonetheless. On appeal in *Sims* the defendant argued that one of his two home invasion convictions must be vacated because the evidence had proved only one illegal entry into the dwelling. *Sims*, 167 Ill. 2d at 522-23. He contended that " 'a defendant can stand convicted of only one count of home invasion where there was only one entry regardless of the number of victims.' " *Sims*, 167 Ill. 2d at 523, quoting *People v. McDarrah*, 175 Ill. App. 3d 284, 300 (1988). The State conceded error on this point, and this court vacated one count of home invasion. *Sims*, 167 Ill. 2d at 523. In *Sims*, however, there is no indication that the parties raised or that this court considered the issue of whether there

could be two separate entries based on an accomplice liability theory. Unlike in *Sims*, the jury in the case at bar was given clear instructions and argument regarding defendant's accountability for the criminal actions of his accomplice. The issue in this case thus goes beyond the scope of the issue set forth in *Sims*. Therefore, *Sims* does not support the majority's holding.

For the reasons stated above, defendant's two convictions for home invasion are proper. The appellate court's judgment should be affirmed.

JUSTICE HARRISON joins in this dissent.