**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220177-U

Order filed April 26, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Thirteenth Judicial Circuit, Bureau County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0177 Circuit No. 21-CF-11 |
| EDDIE D. SARDON, | ) ) ) | Honorable Marc P. Bernabei, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Holdridge and Justice Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant's five-year prison sentence imposed upon revocation of probation for attempt unlawful possession of a weapon by a felon was unauthorized. Sentence modified.

¶ 2     Defendant, Eddie D. Sardon, pled guilty to attempt unlawful possession of a weapon by a felon (UPWF) and was sentenced to 30 months' probation. Defendant was subsequently found guilty of violating his probation and sentenced to 5 years' imprisonment. Defendant appeals, arguing that the sentence was unauthorized because the maximum sentence for attempt UPWF is

the sentence for a Class A misdemeanor. For the reasons set forth below, we agree and modify defendant's sentence by reducing it to the maximum Class A sentence of 364 days in jail, with credit for time served.

¶ 3                                                    I. BACKGROUND

¶ 4        On February 8, 2021, defendant was charged with one count of UPWF in violation of section 24-1.1(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.1(a) (West 2020)). On March 19, 2021, the parties appeared for a plea agreement hearing. At the hearing, the State filed by information a second count for attempt UPWF in violation of section 8-4(a) of the Code (720 ILCS 5/8-4(a) (2020)).

¶ 5        The State proceeded to advise the trial court of the plea agreement's terms, as follows:

> "[Defendant] is going to plead guilty to Count 2, attempt unlawful possession of firearm by a felon, receive two and a half years of reporting probation with all the terms in the order. But specifically a fine and assessment of $1,599 minus the $30-a-day credit. He will be sentenced to 82 days in the county jail, day for day to apply, 41 days credit. This will be a time-served disposition, and Count 1 will be dismissed pursuant to the plea."

¶ 6        The trial court advised defendant of the sentencing range for a Class 3 felony and that he was eligible for an extended-term sentence of 5 to 10 years' imprisonment. Defendant acknowledged that he understood the possible penalties. Following further admonishments and the State's presentation of the factual basis for the plea, the trial court found, *inter alia*, that defendant understood the nature of the charge to which he offered to plead guilty and the possible penalties that could be imposed upon conviction of the charge.

2

¶ 7        The trial court then asked defendant, "[T]o the charge of attempt unlawful possession of a firearm by a felon, a Class 3 felony, in the manner and form as charged in Count 2 of a Criminal Information filed today, do you plead guilty or not guilty?" Defendant responded, "Guilty." The trial court accepted defendant's guilty plea, entered judgment on the finding of guilty, and sentenced defendant to 30 months' probation for attempt UPWF. The trial court also admonished defendant of his appeal rights, including the requirement to file a motion to withdraw his guilty plea within 30 days. The March 19, 2021, probation sentencing order provides that defendant was convicted of "the offense of Attempt Poss Firearm (Class 3 Felony)" and sentenced to 30 months' probation. The order also sets forth the conditions of probation, including, *inter alia*, that defendant "shall not violate any criminal statute of any jurisdiction."

¶ 8        A few months later, on July 1, 2021, the State filed a petition to revoke defendant's probation, alleging that defendant violated his probation when he was charged in a separate case with aggravated battery, obstructing a peace officer, and two counts of resisting a peace officer. Following an August 5, 2021, probation revocation hearing, the trial court found that the State proved by a preponderance of the evidence that defendant violated his probation and continued the matter for a dispositional hearing, which ultimately proceeded on October 28, 2021.

¶ 9        Meanwhile, defendant filed a series of motions, including an August 11, 2021, *pro se* motion to withdraw his guilty plea and vacate the judgment. In that motion, defendant stated that he pled guilty to "the offense of Attempt Unlawful Possession of a Firearm by a Felon (class 3 Felony)" and was not admonished that "being charged with an offense would potentially violate the probation." The trial court *sua sponte* dismissed the motion for lack of jurisdiction, noting that it had been filed more than 30 days after the March 19, 2021, judgment on the fully negotiated guilty plea.

3

¶ 10    In September 2021, defendant also filed a *pro se* motion and amended motion to set aside the guilty finding on the probation violation, alleging prosecutorial misconduct, ineffective assistance of counsel, and insufficiency of the evidence. Following a hearing, the trial court appointed counsel to represent defendant on the ineffective-assistance-of-counsel claim. Counsel filed an "Amended Motion To Vacate The Guilty Plea," arguing that the guilty finding on the probation violation should be vacated on grounds of ineffective assistance of counsel at the probation revocation hearing. The trial court denied these motions.

¶ 11    At the outset of the October 28, 2021, dispositional hearing, the trial court noted that the issue was "whether it should revoke the defendant's probation and resentence him on the charge to which he was convicted, which is the Class 3 felony of attempted unlawful possession of a firearm by a felon." The State argued that defendant's probation should be revoked and he should be resentenced to 6 ½ years' imprisonment, noting, *inter alia*, that "a sentence of a person with this criminal history who's charged with a felony who violated his probation, a sentence is also necessary to deter others from creating similar offenses." Defense counsel requested a sentence of 180 days in jail and an extension of probation.

¶ 12    In ruling, the trial court initially noted that, in resentencing after finding a violation of probation, "the court is imposing a sentence on the original charge that was available as a sentencing option at the time" and that "the original offense is attempted unlawful possession of a weapon by a felon, a Class 3 felony." After reviewing the aggravating and mitigating factors, the trial court found that resentencing defendant to probation would deprecate the seriousness of the offense and be inconsistent with the ends of justice. The trial court proceeded to revoke defendant's probation and sentence defendant to 5 years' imprisonment "on his conviction for the Class 3 felony of attempted unlawful possession of a weapon by a felon." The trial court also

4

admonished defendant of his appeal rights, including the requirement to raise any challenges to the sentence in a timely filed written motion. The October 28, 2021, sentencing order reflects a sentence of 5 years' imprisonment for the offense of "Attempt Unlawful Possession Firearm by a Felon" in violation of section 8-4(a) of the Code—a "Class 3."

¶ 13　　　　Defendant timely filed a *pro se* motion to vacate his sentence and revocation of probation. He raised numerous arguments in the motion, including challenges to the underlying charging instrument and the probation order and an ineffective-assistance-of-counsel-claim. On December 2, 2021, the trial court entered an order dismissing defendant's motion for lack of jurisdiction. The trial court reasoned, "[N]owhere in the motion does defendant challenge ANY aspect of the probation revocation proceedings and resentencing itself. He instead once AGAIN seeks to challenge the underlying fully negotiated plea he entered on March 19, 2021." The trial court concluded that the motion was an attempt to circumvent the jurisdictional requirement that a motion seeking to vacate a guilty plea must be filed within 30 days.

¶ 14　　　　On December 22, 2021, defendant filed a *pro se* motion to reconsider the dismissal order, arguing that his motion to vacate was timely filed and reiterating his claims of error. Prior to a ruling on the reconsideration motion, defendant also filed a *pro se* notice of appeal from the dismissal order. On January 5, 2022, the trial court entered orders striking the notice of appeal without prejudice and denying defendant's motion to reconsider. The trial court reaffirmed its finding that the motion to vacate was untimely and that it lacked jurisdiction to address defendant's attempts to attack the validity of his fully negotiated guilty plea.

¶ 15　　　　On May 2, 2022, defendant filed a *pro se* motion for leave to file a late notice of appeal, which this court granted. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal, and this court granted OSAD's motion for leave to file an

amended late notice of appeal from the October 28, 2021, order revoking defendant's probation and sentencing him to 5 years' imprisonment.

¶ 16                                    II. ANALYSIS

¶ 17        On appeal, defendant argues that the trial court imposed an unauthorized sentence upon revocation of his probation. Namely, defendant argues that section 8-4(c)(5) of the Code—the attempt statute—provides that the sentence for attempt to commit a Class 3 felony is the sentence for a Class A misdemeanor. See 720 ILCS 5/8-4(c)(5) (2020). Defendant pled guilty to attempt UPWF and therefore should have received a Class A misdemeanor sentence, not 5 years' imprisonment for a Class 3 felony. Accordingly, defendant requests that we reduce his sentence to the maximum Class A sentence of 364 days in jail or, alternatively, remand this case to the trial court with instructions to reduce the 5-year prison sentence to a Class A misdemeanor sentence.

¶ 18        Whether the trial court imposed an unauthorized sentence is a question of law that we review *de novo*. *People v. Cisco*, 2019 IL App (4th) 160515, ¶ 23. Initially, however, the State contends that defendant's argument is essentially a challenge to the validity of his fully-negotiated plea. Thus, the State argues that we lack jurisdiction to consider defendant's claim because he failed to move to withdraw his plea within 30 days of sentencing. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment."). We disagree. Defendant does not seek to revoke his guilty plea. Nor does he challenge his original sentence. Rather, defendant appeals the October 28, 2021, order revoking his probation and sentencing him to 5 years' imprisonment for attempt UPWF. We have jurisdiction to consider this issue.

¶ 19    That being said, defendant acknowledges that he forfeited this challenge to his sentence by failing to raise it at resentencing or in a postsentencing motion. Nonetheless, he argues that we should review the claim under the plain-error doctrine. The State responds that the plain-error doctrine does not apply here because defendant did more than just forfeit the issue. According to the State, defendant invited the claimed error by expressly pleading guilty to a Class 3 felony after being repeatedly admonished of the potential sentence and availing himself of the benefit of probation. We turn to the distinction between forfeiture and invited error for purposes of whether defendant may invoke the plain-error doctrine.

¶ 20    A forfeiture occurs when a defendant fails to bring an error to the trial court's attention. *People v. Petrie*, 2021 IL App (2d) 190213, ¶ 23. "It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Failure to do so results in forfeiture of the claim. *Id.* at 544-45.

¶ 21    An invited error, however, is one "which that party induced the court to make or to which that party consented." *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). Under the invited-error doctrine, a defendant may not ask to proceed in one manner and then contend on appeal that it was error to proceed that way. *People v. Carter*, 208 Ill. 2d 309, 319 (2003). The rationale underlying the doctrine is that "it would be manifestly unfair to allow a party a second trial upon the basis of error which that party injected into the proceedings." *Detention of Swope*, 213 Ill. 2d at 217. Accordingly, when a party invites an error, the plain-error doctrine does not apply. *People v. Holloway*, 2019 IL App (2d) 170551, ¶ 44. Rather, the invited error creates an estoppel that precludes plain-error analysis. *Id.*

7

¶ 22    The record demonstrates that this was not a case of invited error. Defendant never sought the challenged sentence. To the contrary, at the October 28, 2021, dispositional hearing, defense counsel requested a sentence of 180 days in jail and an extension of probation. Defendant simply *failed to raise* the issue of the unauthorized sentence at resentencing or in a postsentencing motion. As such, this is a classic case of forfeiture. See *Hillier*, 237 Ill. 2d at 544. We therefore address defendant's challenge to his sentence under the plain-error doctrine.

¶ 23    To obtain relief under the plain-error doctrine, a defendant must first show that a clear or obvious error occurred. *Id.* at 545. In the sentencing context, a defendant must then establish either that (1) the evidence at the sentencing hearing was closely balanced or (2) the error was so egregious that it denied the defendant a fair sentencing hearing. *Id.* The defendant bears the burden of persuasion. *Id.* Here, defendant requests that we review the challenge to his sentence under the second prong of the plain-error doctrine. For the reasons set forth below, we hold that defendant has met his burden of establishing second-prong plain error.

¶ 24    First, defendant has demonstrated that a clear or obvious error occurred. Indeed, the dispositive facts are undisputed. Defendant was charged with UPWF and attempt UPWF. UPFW was a Class 3 felony here. See 720 ILCS 5/24-1.1(e) (2020). However, defendant pled guilty to *attempt* UPWF. Section 8-4(c)(5) of the Code—the attempt statute—explicitly provides:

> "[T]he sentence for attempt to commit any felony other than those specified in items (1) [first degree murder], (2) [Class X felony], (3) [Class 1 felony], and (4) [Class 2 felony] of this subsection (c) is the sentence for a Class A misdemeanor." 720 ILCS 5/8-4(c)(5) (2020).

Accordingly, the maximum statutory sentence for attempt to commit a Class 3 felony is the sentence for a Class A misdemeanor, *i.e.*, 364 days. 730 ILCS 5/5-4.5-55(a) (2020) ("For a Class

8

A misdemeanor *** [t]he sentence of imprisonment shall be a determinate sentence of less than one year."). Thus, defendant's 5-year prison sentence for attempt UPWF was unauthorized.

¶ 25       The State does not dispute that defendant's sentence was unauthorized. Rather, the State contends that defendant's challenge to the unauthorized sentence is an untimely challenge to his fully negotiated plea. As set forth above, we disagree with this argument. Defendant challenges as unauthorized the 5-year prison sentence he received upon revocation of probation. He neither seeks to withdraw his guilty plea to attempt UPWF nor challenges his original sentence.

¶ 26       In this regard, we also note defendant's concession that he does not challenge the classification of attempt UPWF as a Class 3 felony. As defendant observes, section 8-4(c)(5) controls the sentence, not the classification of the offense. See *People v. Moore*, 69 Ill. 2d 520, 523-24 (1978) (in affirming a remand for resentencing where the trial court erroneously interpreted a prior version of section 8-4(c) to require a minimum sentence for attempt murder, the supreme court rejected the State's argument that a crime of attempt is categorized as a class below the classification of the crime if completed). Thus, defendant is not challenging his original guilty plea; he is challenging the sentence imposed after revocation of probation because it is unauthorized under section 8-4(c)(5). Defendant has demonstrated that a clear or obvious error occurred.

¶ 27       In addition, defendant has established that the error was so egregious that it denied him a fair sentencing hearing such that relief under second-prong plain error is warranted. See *Hillier*, 237 Ill. 2d at 544. The State argues generally that not every sentencing error is automatically reviewed under the plain-error doctrine. See *People v. Rathbone*, 345 Ill. App. 3d 305, 311 (2003) ("[I]t is not a sufficient argument for plain error review to simply state that because sentencing affects the defendant's fundamental right to liberty, any error committed at that stage

9

is reviewable as plain error."). However, the issue presented here amounts to more than the mere sentencing error presented in *Rathbone*, where, "although defendant asserts that he was sentenced based on an improper factor, a more accurate characterization of his claim is that the trial court gave a proper factor undue weight." *Id.* at 312. In this case, defendant was sentenced to an unauthorized term of imprisonment. He received a 5-year prison sentence, notwithstanding that section 8-4(c)(5) provides for a Class A misdemeanor sentence. Our supreme court has stated explicitly that " '[t]he imposition of an unauthorized sentence affects substantial rights' and, thus, may be considered by a reviewing court even if not properly preserved in the trial court." *People v. Fort*, 2017 IL 118966, ¶ 19 (quoting *People v. Hicks*, 181 Ill. 2d 541, 545 (1998)). Thus, defendant is entitled to relief under second-prong plain error.

¶ 28    In sum, defendant's 5-year prison sentence upon revocation of probation was unauthorized because he pled guilty to attempt UPWF and therefore was eligible only for a Class A misdemeanor sentence. Accordingly, pursuant to this court's authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we modify defendant's sentence by reducing it from 5 years' imprisonment to the maximum Class A sentence of 364 days in jail, with credit for time served. In light of our holding, we need not address defendant's alternative argument that he received ineffective assistance of trial counsel based upon counsel's failure to preserve the issue of defendant's unauthorized sentence.

¶ 29                                III. CONCLUSION

¶ 30    For the reasons stated, we modify defendant's sentence by reducing it from 5 years' imprisonment to 364 days in jail, with credit for time served.

¶ 31    Sentence modified.