**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220177-U

Order filed June 12, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Thirteenth Judicial Circuit, Bureau County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0177 Circuit No. 21-CF-11 |
| | ) | |
| EDDIE D. SARDON, | ) ) | Honorable Marc P. Bernabei, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Holdridge and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Defendant forfeited the challenge to his sentence and failed to establish that plain-error review is warranted. Defendant failed to establish ineffective assistance of counsel. Affirmed.

¶ 2     Defendant, Eddie D. Sardon, pled guilty to attempt unlawful possession of a weapon by a felon (UPWF) and was sentenced to 30 months' probation. Defendant was subsequently found guilty of violating his probation and sentenced to a Class 3 felony sentence of 5 years' imprisonment. Defendant appeals, arguing that the sentence was unauthorized because the

maximum sentence for attempt UPWF to which he pled was the sentence for a Class A misdemeanor (364 days in jail), and not the sentence for a Class 3 felony.

¶ 3 On April 26, 2023, we issued a Rule 23 order in this appeal, modifying defendant's sentence by reducing it to the maximum Class A sentence of 364 days in jail. In doing so, we noted defendant's acknowledgement that he forfeited the challenge to his sentence by failing to raise it at resentencing or in a postsentencing motion. However, we further noted that the State, while arguing defendant's forfeiture, did not dispute that defendant's sentence was statutorily unauthorized. We proceeded to excuse defendant's forfeiture on second-prong plain error grounds. See *People v. Fort*, 2017 IL 118966, ¶ 19 (" '[t]he imposition of an unauthorized sentence affects substantial rights' and, thus, may be considered by a reviewing court even if not properly preserved in the trial court") (quoting *People v. Hicks*, 181 Ill. 2d 541, 545 (1998)).

¶ 4 Following the issuance of our decision, the State filed a petition for rehearing, stating that its argument on appeal, premised on the factual misapprehension that defendant's sentence was unauthorized, had been flawed. Simply put, the record—namely, the language of the underlying charge to which defendant pled guilty—plainly demonstrated that defendant had, in fact, been properly sentenced within the Class 3 felony sentencing range, contrary to defendant's assertion. Pursuant to Illinois Supreme Court Rule 367(d) (eff. Nov. 1, 2017), we ordered defendant to file an answer and the State to file a reply. Having considered the parties' arguments, and for the reasons discussed below, we allow the State's petition for rehearing, withdraw our original decision, and affirm the judgment of the circuit court. This Rule 23 order stands as our resolution of the matter.

¶ 5 The issue as initially framed by the parties and presented to this court was whether defendant's challenge to his unauthorized sentence was forfeited. However, as detailed *infra*, the

2

record refutes the premise, accepted by both parties on appeal, that his sentence was unauthorized. Thus, while defendant maintains that the State does not present a proper basis for rehearing, we disagree. Rule 367 "exists so that the court can correct errors 'into which the court may have inadvertently fallen in deciding the case as originally presented.' " *Berg v. Allied Security, Inc.*, 193 Ill. 2d 186, 191 (2000) (Freeman, J., specially concurring) (quoting *Matthews v. Granger*, 196 Ill. 164, 170 (1902)); see also *Amalgamated Transit Union, Local 241 v. Illinois Labor Relations Board, Local Panel*, 2017 IL App (1st) 160999, ¶ 60 (while the court may disregard a new argument presented on rehearing, it is not required to do so and is free to address something it may have overlooked or misapprehended in its initial decision); *People v. McCoy*, 29 Ill. App. 3d 601, 606 n.1 (1975) (addressing the State's argument raised for the first time in its petition for rehearing). Notwithstanding the erroneous factual premise underlying the parties' framing of the issue in their original briefing, it is the record on appeal that controls the issue here and compels the conclusion that defendant forfeited the challenge to his sentence and failed to establish that plain-error review is warranted.

¶ 6                                                    I. BACKGROUND

¶ 7          On February 8, 2021, defendant was charged by information with one count of UPWF in violation of section 24-1.1(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.1(a) (West 2020)) (Count I). The information alleged that, on February 7, 2021, defendant committed the offense of "Unlawful Possession Of A Firearm By A Felon"—a "Class 3 Felony"—in that defendant, "a person who has been convicted of a felony under the laws of Illinois, being Unlawful Possession of a Controlled Substance with Intent to Deliver (Class 3 Felony) in La Salle County Cause Number 2011-CF-653, on June 8, 2012," knowingly possessed a firearm, a Ruger 22 LR rifle, in violation of section 24-1.1(a).

¶ 8    On March 19, 2021, the parties appeared for a plea agreement hearing. At the inception of the hearing, the State filed an additional count against defendant, namely, *attempt* UPWF in violation of section 8-4(a) of the Code (720 ILCS 5/8-4(a) (West 2020)) (Count II). The information alleged that, on February 7, 2021, defendant committed the offense of "Attempt Unlawful Possession Of A Firearm By A Felon"—a "Class 3 Felony"—in that defendant, "with the intent to commit the offense of Unlawful Possession of a Firearm by a Felon in violation of 720 ILCS 5/24-1.1(a), performed a substantial step towards the commission of that offense in that he, *a person who has been convicted of a forcible felony under the laws of Illinois, Aggravated Battery with Great Bodily Harm (Class 3 Felony in Cook County case 92-CR-14077 and convicted on June 15, 1993)* knowingly attempted to possessed [sic] a firearm, a Ruger 22 LR rifle," in violation of section 8-4(a). (Emphasis added.) Defendant waived a probable cause finding.

¶ 9    The State proceeded to advise the trial court of the plea agreement's terms, as follows:

    "[Defendant] is going to plead guilty to Count 2, attempt unlawful possession of firearm by a felon, receive two and a half years of reporting probation with all the terms in the order. But specifically a fine and assessment of $1,599 minus the $30-a-day credit. He will be sentenced to 82 days in the county jail, day for day to apply, 41 days credit. This will be a time-served disposition, and Count 1 will be dismissed pursuant to the plea."

¶ 10    The trial court advised defendant of the sentencing range for a Class 3 felony and that he was eligible for an extended-term sentence of 5 to 10 years' imprisonment. Defendant acknowledged that he understood the possible penalties. Following further admonishments and the State's presentation of the factual basis for the plea, the trial court found, *inter alia*, that

4

defendant understood the nature of the charge to which he offered to plead guilty and the possible penalties that could be imposed upon conviction of the charge.

¶ 11    The trial court then asked defendant, "[T]o the charge of attempt unlawful possession of a firearm by a felon, a Class 3 felony, in the manner and form as charged in Count 2 of a Criminal Information filed today, do you plead guilty or not guilty?" Defendant responded, "Guilty." The trial court accepted defendant's guilty plea, entered judgment on the finding of guilty, and sentenced defendant to 30 months' probation. The trial court also admonished defendant of his appeal rights, including the requirement to file a motion to withdraw his guilty plea within 30 days. The March 19, 2021, probation sentencing order provides that defendant was convicted of "the offense of Attempt Poss Firearm (Class 3 Felony)" and sentenced to 30 months' probation.

¶ 12    A few months later, on July 1, 2021, the State filed a petition to revoke defendant's probation, alleging that defendant violated his probation when he was charged in a separate case with aggravated battery, obstructing a peace officer, and two counts of resisting a peace officer. Following an August 5, 2021, probation revocation hearing, the trial court found that the State proved by a preponderance of the evidence that defendant violated his probation and continued the matter for a dispositional hearing, which ultimately proceeded on October 28, 2021.

¶ 13    Meanwhile, defendant filed a series of motions, challenging his guilty plea and the finding of guilty on his probation violation. The trial court ultimately dismissed and denied these motions, respectively.

¶ 14    At the outset of the October 28, 2021, dispositional hearing, the trial court noted that the issue was "whether it should revoke the defendant's probation and resentence him on the charge to which he was convicted, which is the Class 3 felony of attempted unlawful possession of a firearm by a felon." The State argued that defendant's probation should be revoked and he

5

should be resentenced to 6 ½ years' imprisonment. Defense counsel requested a sentence of 180 days in jail and an extension of probation.

¶ 15    In ruling, the trial court initially noted that, in resentencing after finding a violation of probation, "the court is imposing a sentence on the original charge that was available as a sentencing option at the time" and that "the original offense is attempted unlawful possession of a weapon by a felon, a Class 3 felony." After reviewing the aggravating and mitigating factors, the trial court found that resentencing defendant to probation would deprecate the seriousness of the offense and be inconsistent with the ends of justice. The trial court proceeded to revoke defendant's probation and sentence defendant to 5 years' imprisonment "on his conviction for the Class 3 felony of attempted unlawful possession of a weapon by a felon." The trial court also admonished defendant of his appeal rights, including the requirement to raise any challenges to the sentence in a timely filed written motion. The October 28, 2021, sentencing order reflects a sentence of 5 years' imprisonment for the offense of "Attempt Unlawful Possession Firearm by a Felon" in violation of section 8-4(a) of the Code—a "Class 3."

¶ 16    Defendant filed a *pro se* motion to vacate his sentence and revocation of probation. He raised numerous arguments in the motion, including challenges to the underlying charging instrument and the probation order and an ineffective-assistance-of-counsel-claim. On December 2, 2021, the trial court entered an order dismissing defendant's motion for lack of jurisdiction, reasoning that defendant merely challenged the underlying fully negotiated plea, not any aspect of the probation revocation proceedings and resentencing, and was thus an attempt to circumvent the jurisdictional requirement that a motion seeking to vacate a guilty plea must be filed within 30 days.

¶ 17       On December 22, 2021, defendant filed a *pro se* motion to reconsider the dismissal order, arguing that his motion to vacate was timely filed and reiterating his claims of error. Prior to a ruling on the reconsideration motion, defendant also filed a *pro se* notice of appeal from the dismissal order. On January 5, 2022, the trial court entered orders striking the notice of appeal without prejudice and denying defendant's motion to reconsider. The trial court reaffirmed its finding that the motion to vacate was untimely and that it lacked jurisdiction to address defendant's attempts to attack the validity of his fully negotiated guilty plea.

¶ 18       On May 2, 2022, defendant filed a *pro se* motion for leave to file a late notice of appeal, which this court granted. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal, and this court granted OSAD's motion for leave to file an amended late notice of appeal from the October 28, 2021, order revoking defendant's probation and sentencing him to 5 years' imprisonment.

¶ 19                                   II. ANALYSIS

¶ 20       On appeal, defendant argues that the trial court imposed an unauthorized sentence upon revocation of probation. Defendant acknowledges that he forfeited the challenge to his sentence by failing to raise it at resentencing or in a postsentencing motion. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required."). Nonetheless, defendant argues that we should review the claim under the plain-error doctrine or, alternatively, that his counsel's failure to raise the issue amounted to ineffective assistance of counsel. We address each argument in turn.

¶ 21       To obtain relief under the plain-error doctrine, a defendant must first show that a clear or obvious error occurred. *Id.* at 545. In the sentencing context, a defendant must then establish

7

either that (1) the evidence at the sentencing hearing was closely balanced or (2) the error was so egregious that it denied the defendant a fair sentencing hearing. *Id.* The defendant bears the burden of persuasion. *Id.* Here, defendant requests that we review the challenge to his sentence under the second prong of the plain-error doctrine.

¶ 22    Defendant argues that a clear or obvious error occurred. Namely, defendant points out that section 8-4(c)(5) of the Code—the attempt statute—provides that the sentence for attempt to commit a Class 3 felony is the sentence for a Class A misdemeanor. See 720 ILCS 5/8-4(c)(5) (West 2020) ("[T]he sentence for attempt to commit any felony other than those specified in items (1) [first degree murder], (2) [Class X felony], (3) [Class 1 felony], and (4) [Class 2 felony] of this subsection (c) is the sentence for a Class A misdemeanor."). In turn, the maximum sentence for a Class A misdemeanor is 364 days in jail. See 730 ILCS 5/5-4.5-55(a) (West 2020) ("For a Class A misdemeanor *** [t]he sentence of imprisonment shall be a determinate sentence of less than one year."). Therefore, defendant argues that he should have received a Class A misdemeanor sentence, not 5 years' imprisonment for a Class 3 felony.

¶ 23    However, the record demonstrates that defendant did not plead guilty to attempt to commit a Class 3 felony. Rather, he pled guilty to attempt to commit a Class 2 felony. The language of the UPWF statute and the charging instrument demonstrate this.

¶ 24    Section 24-1.1, the UPWF statute, provides in subsection (a) that "[i]t is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. ***." 720 ILCS 5/24-1.1(a) (West 2020). Generally, a violation of this statute is a Class 3 felony. *Id.* § 24-1.1(e) ("Violation of this Section by a person not confined in

8

a penal institution shall be a Class 3 felony for which the person shall be sentenced to no less than 2 years and no more than 10 years. ***").

¶ 25 Importantly, however, subsection (e) of the statute further provides in relevant part that "[v]iolation of this Section by a person not confined in a penal institution *who has been convicted of a forcible felony* *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years ***." (Emphasis added.) *Id.* It is this precise language that was alleged in Count II to which defendant pled guilty.

¶ 26 Specifically, Count II alleged that defendant committed the offense of "Attempt Unlawful Possession Of A Firearm By A Felon"—a "Class 3 Felony"—in that defendant, "with the intent to commit the offense of Unlawful Possession of a Firearm by a Felon in violation of 720 ILCS 5/24-1.1(a), performed a substantial step towards the commission of that offense in that he, *a person who has been convicted of a forcible felony under the laws of Illinois, Aggravated Battery with Great Bodily Harm (Class 3 Felony in Cook County case 92-CR-14077 and convicted on June 15, 1993)* knowingly attempted to possessed [sic] a firearm, a Ruger 22 LR rifle," in violation of section 8-4(a). (Emphasis added.)

¶ 27 Having alleged in Count II that defendant had previously been convicted of a forcible felony, the underlying UPWF charged was a Class 2 felony. In other words, defendant pled guilty to attempt to commit a Class 2 felony. "[T]he sentence for attempt to commit a Class 2 felony is the sentence for a Class 3 felony." 720 ILCS 5/8-4(c)(4) (West 2020). Thus, defendant properly received a Class 3 felony sentence, consistent with the numerous admonishments he had been given throughout these proceedings. Accordingly, defendant has failed to demonstrate that a clear or obvious error occurred, and there is no basis to review his claim under the plain-error doctrine.

9

¶ 28    We likewise reject defendant's alternative ineffective-assistance-of-counsel claim. Ineffective-assistance-of-counsel claims are evaluated under the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective-assistance-of-counsel claim, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defendant in that there is a reasonable probability that the result of the proceeding would have been different. *People v. Jackson*, 2020 IL 124112, ¶ 90. For the reasons discussed, defendant cannot meet either prong. Defendant was properly sentenced for a Class 3 felony. See 720 ILCS 5/8-4(c)(4) (West 2020). There was no basis upon which to object to this sentence, and no reasonable probability that the result of the proceeding would have been different if the issue had been raised.

¶ 29    In sum, defendant failed to establish that plain-error review is warranted and failed to establish ineffective assistance of counsel.

¶ 30                            III. CONCLUSION

¶ 31    For the reasons stated, the judgment of the circuit court of Bureau County is affirmed.

¶ 32    Affirmed.